[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 307.]

SHARP, ADMR., ET AL., APPELLANTS AND CROSS-APPELLEES, *v.* NORFOLK & WESTERN RAILWAY COMPANY ET AL., APPELLEES AND CROSS-APPELLANTS.

[Cite as *Sharp v. Norfolk & W. Ry. Co.*, 1995-Ohio-224.]

*Negligence—Wrongful death—Railroad flatbed car blocking unlit crossing at night struck by snowmobile—Assured clear distance ahead—R.C. 4511.21(A)— Issue of whether an object is reasonably discernible on a highway during nighttime hours is usually a question of fact for a jury to determine—Court does not err in denying request for attorney fees, when.*

(No. 94-428—Submitted April 18, 1995—Decided June 14, 1995.)

APPEAL and CROSS-APPEAL from the Court of Appeals for Erie County, No. E-92-17.

_____

*Murray & Murray Co., L.P.A.*, *W. Patrick Murray* and *Steven Bechtel*, for appellants and cross-appellees.

*Robison, Curphey & O'Connell*, *Jack Zouhary* and *Jean Ann S. Sieler*, for appellees and cross-appellants.

_____

{¶ 1} The judgment is affirmed for the reasons stated by the court of appeals in its opinion filed on January 3, 1994, which we adopt and attach as an appendix to this entry.

MOYER, C.J., DOUGLAS, PORTER, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

WRIGHT, J., dissents.

JAMES M. PORTER, J., of the Eighth Appellate District, sitting for RESNICK, J.

_____

APPENDIX

**GLASSER, Presiding Judge.**

{¶ 2} This is an appeal from a judgment of the Erie County Court of Common Pleas. This case involves a wrongful death action brought by appellants/cross-appellees Fred S. Sharp, administrator of the estate of Joseph A. Meyer, and Meyer's parents (collectively referred to as "Sharp"), against appellee/cross-appellant Norfolk & Western Railway Company ("Norfolk"). Norfolk is appealing the judgment awarded against it in the amount of $1,500,000. Sharp is appealing the denial of his request for attorney fees and interest. For the reasons discussed below, we affirm the decision of the trial court.

{¶ 3} The facts of this case are as follows. On the evening of February 12, 1982, a train owned and operated by Norfolk was stopped, blocking a road crossing on Thompson Township Road 136. The railroad car blocking the unlit crossing, as well as the adjacent railroad cars, were all flatbed cars.

{¶ 4} On that same evening, Joseph Meyer was operating a snowmobile. At approximately 9:30 p.m., the snowmobile struck the stopped flatbed car and Meyer was killed.

{¶ 5} Subsequently, Sharp brought a wrongful death action against Norfolk alleging that the railroad was negligent in failing to warn Meyer of the stopped flatbed car at the crossing. Norfolk answered alleging that Meyer was contributorially negligent. The case proceeded to trial before a jury. At the conclusion of the evidence, the trial court granted a partial directed verdict in favor of Norfolk, holding that Meyer was negligent *per se* for violating the assured-clear-distance-ahead statute, R.C. 4511.21(A), and for violating the snowmobile operation statute, R.C. 4519.41(B). The issues of Norfolk's negligence and the apportionment of negligence between the parties were submitted to the jury.

**{¶ 6}** The jury, in its verdict, did find that both Norfolk and Meyer were negligent. The jury found that Norfolk was fifty-five percent negligent and Meyer was forty-five percent negligent. Based on the jury verdict, the trial court awarded damages of $733,150 to Meyer's parents and $3,080 to the administrator of Meyer's estate.

**{¶ 7}** Subsequently, Norfolk filed a motion for judgment notwithstanding the verdict. The trial court granted judgment notwithstanding the verdict, relieving Norfolk of any liability on the ground that Meyer's negligence was greater than Norfolk's negligence as a matter of law.

**{¶ 8}** Sharp appealed the trial court's grant of judgment notwithstanding the verdict to this court, which affirmed the trial court's decision. Sharp then appealed to the Supreme Court of Ohio. The Supreme Court reversed our decision in *Sharp v. Norfolk & W. Ry. Co.* (1988), 36 Ohio St.3d 172, 522 N.E.2d 528. The Supreme Court held that the trial court erred in granting both the partial directed verdict and judgment notwithstanding the verdict. *Id.* at 176, 522 N.E.2d at 532. The Supreme Court specifically held that the issues of whether Meyer was negligent for failing to maintain an assured clear distance and whether Meyer's negligence exceeded that of Norfolk were jury questions. The Supreme Court further held as follows:

"Plaintiffs have requested that this court, if it were to hold in their favor, merely reinstate the jury's verdict in lieu of directing a new trial. While this writer finds merit in such a request, it is the consensus of this court to decline this invitation and, therefore, we remand the case for a new trial." *Id.*

**{¶ 9}** The case then proceeded to a second trial. At the conclusion of Sharp's case-in-chief, and again at the conclusion of all of the evidence, Norfolk moved for a directed verdict determining that Meyer was negligent and that his negligence exceeded that of Norfolk. The trial court denied both motions.

**{¶ 10}** The jury returned a verdict finding that Norfolk was the sole proximate cause of Meyer's death and awarded Meyer's parents $1,000,000 in

damages and awarded Meyer's estate $3,959.80 in damages.  The jury did not award any punitive damages.

{¶ 11} Subsequently, Norfolk moved for judgment notwithstanding the verdict and a new trial, which the trial court denied.  In addition, Sharp moved for attorney fees, prejudgment interest and interest from the date of the first jury verdict, which the trial court also denied.

{¶ 12} It is from this judgment that Norfolk raises the following six cross-assignments of error:

"A.  The trial court erred in failing to direct a verdict because the negligence of Meyer and his parents had to be at least a contributing cause of his accident as a matter of law.

"B.  Willful/wanton misconduct and actual malice should not have been considered by the jury.

"C.  Meyer and his parents were more than 50% at fault as a matter of law.

"D.  The jury instructions were woefully lacking and did not provide guidance to the jury.

"E.  The verdict was excessive and/or the result of passion and prejudice.

"F.  The verdict was against the manifest weight of the evidence."

{¶ 13} It is also from this judgment that Sharp raises the following four assignments of error:

"First Assignment of Error

"The trial court erred by requiring plaintiffs to relitigate the issue of damages on retrial when there was no prejudicial error on the issue of damages during the first trial.

"Second Assignment of Error

"Plaintiffs are entitled to post-judgment interest from August 13, 1985, the date of the first jury award.

"Third Assignment of Error

4

"The trial court erred by denying plaintiffs' motion for attorney fees when the jury made a specific finding that the railway acted with actual malice which proximately cause the accident.

"Fourth Assignment of Error

"The trial court erred in overruling plaintiffs-appellants' motion for prejudgment interest."

{¶ 14} Norfolk's cross-assignments of error will be addressed first. As its first cross-assignment of error, Norfolk argues that the trial court erred in failing to grant its motion for a directed verdict as to Meyer's negligence. Specifically, Norfolk argues that Meyer was negligent as a matter of law for failing to stop within an assured clear distance in violation of R.C. 4511.21(A)[1] and that such negligence was the proximate cause of the accident. Norfolk also argues that Meyer's parents were negligent for failing to supervise him.

{¶ 15} Civ.R. 50(A)(4) provides that a directed verdict shall be granted as follows:

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against who the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

{¶ 16} Further, in its decision remanding this case for a new trial, the Supreme Court held that: "[C]ommon sense dictates that discernibility of object on a highway will most likely be an issue for the jury to resolve when an accident occurs during the nighttime hours." *Sharp*, *supra*, at 176, 522 N.E.2d at 531. The

---

1. R.C. 4511.21(A) provides, in part, as follows:

"[N]o person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit him to bring it to a stop without the assured clear distance ahead."

Supreme Court held that "the trial court erred in refusing to submit the question of reasonable discernibility to the jury ***." *Id.* at 176, 522 N.E.2d at 532. Specifically, the Supreme Court held that "where conflicting evidence is introduced with respect to the assured-clear-distance-ahead provision (R.C. 4511.21[A]), the issue of whether an object is reasonably discernible on a highway during nighttime hours is usually a question of fact for a jury to determine." *Id.* at 175, 522 N.E.2d at 531.

{¶ 17} During the second trial following the remand by the Supreme Court, several witnesses testified that the discernibility of the train was less than fifty feet, a distance which would not have permitted Meyer to avoid colliding with the train. Norfolk did present evidence that the discernibility of the train was one hundred feet, which would have allowed Meyer to avoid the collision. However, on a motion for a directed verdict, the court does not wiegh the evidence or determine the credibility of the witnesses. Given the conflicting evidence, we can only conclude that reasonable minds could disagree as to whether Meyer violated the assured-clear-distance-ahead statute. Therefore, the trial court did not err in refusing to grant a directed verdict as to whether Meyer was negligent and whether such negligence proximately caused the accident. It follows that the issue of Meyer's parents' negligence in failing to supervise their son also was a question of fact for the jury. Accordingly, the first cross-assignment of error is found not well taken.

{¶ 18} As its second cross-assignment of error, Norfolk argues that the trial court erred in allowing Sharp to present his claim for punitive damages, on the ground that Norfolk acted with actual malice. Specifically, Norfolk argues that Sharp was prohibited from seeking punitive damages under the doctrine of law of the case. Alternatively, Norfolk argues that the trial court erred in failing to grant a directed verdict as to Sharp's claim for punitive damages.

{¶ 19} This court would initially note that, in fact, no punitive damages were awarded to Sharp, and therefore, any error was harmless. See Civ.R. 61. Second, the Supreme Court in its order remanding the case for a new trial did not limit the issues or claims to be retried. *Sharp*, *supra*, at 176, 522 N.E.2d at 532. Therefore, the doctrine of law of the case is inapplicable. Third, there was evidence presented from which a reasonable jury could conclude that Norfolk acted with actual malice, *i.e.*, "a conscious disregard for the rights and safety of others under circumstances where there [is] a great probability for substantial harm." *Brown v. Consol. Rail Corp.* (Oct. 11, 1991), Erie App. No. E-90-35, unreported. Therefore, we hold that the trial court did not err in allowing the issue of punitive damages to be tried, nor did the trial court err in failing to direct a verdict as to the issue of punitive damages. Accordingly, the second cross-assignment of error is found not well taken.

{¶ 20} As a third cross-assignment of error, Norfolk argues that the trial court erred in failing to grant a directed verdict in its favor on the ground that Meyer and his parents were more than fifty percent negligent as a matter of law.

{¶ 21} Under the first cross-assignment of error, we held that the evidence presented at trial created a jury question as to Meyer's and Meyer's parents' negligence. Therefore, the trial court properly denied Norfolk's motion for a directed verdict as to the percentage of such negligence. Accordingly, the third cross-assignment of error is found not well taken.

{¶ 22} As a fourth cross-assignment of error, Norfolk argues generally that the trial court gave improper jury instructions. In particular, Norfolk argues that the jury instruction as to proximate cause was inadequate in that it failed to inform the jury of dual causation, *i.e.*, that more than one proximate cause of Meyer's death was possible.

{¶ 23} A trial court must give jury instructions which are a correct and complete statement of the law. *Marshall v. Gibson* (1985), 19 Ohio St.3d 10, 12,

19 OBR 8, 10, 482 N.E.2d 583, 585. An inadequate jury instruction which, in effect, misleads the jury, constitutes reversible error. *Id.*

{¶ 24} The jury instruction as to proximate cause was not as articulate and comprehensive on the issue of proximate cause as one might desire. However, this court in reviewing the instructions as a whole, as well as the jury's response to the interrogatories, cannot find prejudicial error. Accordingly, the fourth cross-assignment of error is found not well taken.

{¶ 25} As its fifth cross-assignment of error, Norfolk argues that the amount of the jury verdict was the result of passion and prejudice, and therefore, the trial court erred in failing to grant its motion for a new trial. Specifically, Norfolk argues that (1) improper evidence of malice was admitted, (2) improper testimony by a grief expert was admitted, and (3) the jury verdict was excessive.

{¶ 26} It is well-settled law that the decision on a motion for a new trial pursuant to Civ.R. 59 is within the discretion of the trial court. The trial court's decision will be disturbed only upon a showing that such decision was unreasonable, unconscionable or arbitrary. See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

{¶ 27} As we discussed under the first assignment of error, the admission of evidence as to Norfolk's malice of willfulness to support the claim for punitive damages was proper. Further, we do not find that the trial court's decision to admit the testimony of a grief expert constitutes an abuse of discretion. Finally, we do not find that the amount of the verdict was so excessive that it could only be the result of passion and prejudice. Therefore, we hold that the trial court did not abuse its discretion in denying Norfolk's motion for a new trial. Accordingly, the fifth cross-assignment of error is found not well taken.

{¶ 28} As its sixth cross-assignment of error, Norfolk argues that the verdict was against the manifest weight of the evidence. Specifically, Norfolk argues that the jury's finding that Meyer's negligence and that of his parents were not a

proximate cause of the accident was against the manifest weight of the evidence. Norfolk also argues that the amount of the award was against the manifest weight of the evidence.

{¶ 29} It is well-settled law that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

{¶ 30} In the present case, there was evidence that Meyer did not violate the assured-clear-distance-ahead statute. Further, the remoteness of the other alleged acts of negligence concerning the unsupervised operation of a snowmobile by Meyer supported the jury's finding that such negligence was not the proximate cause of the accident. Finally, as we discussed under the fifth cross-assignment of error, the amount of the jury award was supported by the evidence at trial. Therefore, we hold that the verdict was not against the manifest weight of the evidence. Accordingly, the sixth cross-assignment of error is found not well taken.

{¶ 31} As his first assignment of error, Sharp argues that the issue of damages should not have been retried after the case was remanded by the Supreme Court of Ohio. As discussed under Norfolk's second cross-assignment of error, the Supreme Court did not limit the scope of the second trial following its reversal of the first verdict. Therefore, the trial court did not err in retrying the issue of damages. Accordingly, the first assignment of error is found not well taken.

{¶ 32} As his second assignment of error, Sharp argues that the post-judgment interest should run from the time of the first jury verdict. Sharp relies on *Viock v. Stowe-Woodward Co.* (1989), 59 Ohio App.3d 3, 569 N.E.2d 1070, in support of this assignment of error.

**{¶ 33}** In *Viock*, this court reinstated the original jury verdict, which we found had been erroneously reduced by the trial court. We further held that the post-judgment interest accumulated from the date of the original jury verdict.

**{¶ 34}** However, we find that *Viock* has no application to the case at hand. In the present case, the jury's determination as to the parties' respective liability was reversed on appeal. No damage award then existed to be reinstated by an appellate court. There was no judgment establishing either party's liability until the jury returned its verdict at the conclusion of the second trial. Therefore, we find the trial court did not err in refusing to award post-judgment interest from the date of the first jury verdict. Accordingly, the second assignment of error is found not well taken.

**{¶ 35}** As his third assignment of error, Sharp argues that the trial court erred in denying his request for attorney fees.

**{¶ 36}** It is well-settled law that where there is no statutory provision for attorney fees, "'the prevailing party is not entitled to an award of attorney fees unless the party against whom the fees are taxed was found to have acted in bad faith,'" *State ex rel. Kabatek v. Stackhouse* (1983), 6 Ohio St.3d 55, 55-56, 6 OBR 73, 74, 451 N.E.2d 248, 249, quoting *State ex rel. Crockett v. Robinson* (1981), 67 Ohio St.2d 363, 369, 21 O.O.3d 228, 232, 423 N.E.2d 1099, 1103, or has acted "vexatiously, wantonly, obdurately, or for oppressive reasons," *Sorin v. Warrensville Hts. School Dist. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 181, 75 O.O.2d 224, 226, 347 N.E.2d 527, 530.

**{¶ 37}** We find no evidence that Norfolk engaged in bad faith conduct or acted vexatiously, wantonly, obdurately, or for oppressive reasons. Therefore, the trial court properly denied Sharp's request for attorney fees. Accordingly, the third assignment of error is found not well taken.

*Judgment affirmed.*

HANDWORK and ABOOD, JJ., concur.

————————————

**WRIGHT, J., dissenting.**

{¶ 38} I respectfully dissent because I would reverse the judgment of the court of appeals and order a new trial.

————————————