EAKEN, Appellee,

v.

HIRT, d.b.a. Paw Patch, Appellant.

[Cite as *Eaken v. Hirt,* 161 Ohio App.3d 620, 2005-Ohio-3046.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S–04–010.

Decided June 17, 2005.

Terrence R. Rudes, for appellant.

PIETRYKOWSKI, Judge.

{¶ 1} This case is before the court on appeal from the Sandusky County Court District 1, which, following a bench trial, awarded damages in the amount of $139.25 to appellee. For the reasons that follow, we reverse the decision of the trial court.

{¶ 2} The trial court found the following facts: [1]

{¶ 3} "Plaintiff brought her four month old female lab-beagle mix to defendant to be fixed. Surgery was performed in September, 2003 at a cost of $139.25. It was believed the surgery was successful, until January of 2004 when the dog went into heat, and it was bleeding in the house while plaintiff and her family were on vacation. It is undetermined whether any damages other than messy cleanup occurred. The dog was again treated surgically, this time to remove an ovarian remnant which apparently had been missed during the September surgery. It is considered rare that this would happen, but not impossible. Defendant did not charge for the second surgery, but failed to give plaintiff a personal explanation of the reason for same. Plaintiff has filed to recover the sum of $613.48. In response to the Court's inquiry as to how her damages were computed, she responded that she determined her expense for the first surgery and three office visits prior to the surgery, and multiplied that amount by two. The Plaintiff further testified that the dog's personality changed for the worse after the second surgery."

{¶ 4} The court awarded appellee, Eaken, the cost of the surgery, $139.25. It denied damages for the office visits and for the dog's alleged change in demeanor. Appellant, Hirt, d.b.a. Paw Patch, now appeals, setting forth the following assignments of error:

{¶ 5} "I. The court erred to the prejudice of defendant by awarding damages for the original surgery.

{¶ 6} "II. The court committed prejudicial error in finding malpractice by defendant."

{¶ 7} In her first assignment of error, appellant essentially raises a manifest-weight challenge to the trial court's judgment. The Ohio Supreme Court has

---

1. Appellant states in her brief that, through "inadvertence," no transcript was made of the bench trial. In place of a transcript, appellant has filed a "Statement of the Evidence." App.R. 9(C) allows for such a statement when a transcript is not available; however, such a statement must be served on the opposing party. There is nothing in the record to indicate that appellant served this statement on appellee, so we will not consider this statement of evidence. However, the trial court was explicit in its judgment entry as to the facts it found, and neither party disputes these facts. Therefore, we will accept as true the trial court's findings of fact.

held that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *Sharp v. Norfolk & W. Ry. Co.* (1995), 72 Ohio St.3d 307, 313, 649 N.E.2d 1219, clarified (1995), 73 Ohio St.3d 1429, 652 N.E.2d 801.

{¶ 8} Before we can determine whether the trial court erred in its judgment, we must decide what type of case this is. In her original "small claims complaint," where appellee was asked to fill in a "statement of claim," appellee wrote "damages to my dog." She did not specify a cause of action. Nevertheless, the trial court appears to have treated this case as a contract claim. The trial court's judgment made no findings as to the standard of care and whether appellant deviated from it. Indeed, the trial court found that an ovarian remnant after spaying was a "rare" but not "impossible" result of the surgery, indicating that the trial court found that such a result can occur even in the absence of negligence. Therefore, we conclude that the trial court did not find that appellant was negligent but instead awarded damages for breach of contract. We shall review the case accordingly.

{¶ 9} It is well settled that in a breach-of-contract action, in order to protect the plaintiff's expectation interest, the proper measure of damages is whatever amount is required to put the nonbreaching party in the same position he or she would have been had the breaching party fully performed. See, e.g., *Allied Erecting & Dismantling v. Youngstown*, 151 Ohio App.3d 16, 2002–Ohio–5179, 783 N.E.2d 523, at ¶ 62, appeal denied (2003), 98 Ohio St.3d 1464, 783 N.E.2d 901; Restatement of the Law 2d, Contracts (1981) 102, Section 344. In this case, had appellant fully performed, appellee would have been in the position of having a successfully spayed dog at a cost of $139.25. Since appellant performed the surgery a second time at no cost to appellee, appellee had a successfully spayed dog at a cost of $139.25. Appellee is entitled to nothing more. Appellant's first assignment of error is well taken.

{¶ 10} Given our resolution of the first assignment of error, it is unnecessary to determine appellant's second assignment of error.

{¶ 11} Upon due consideration, we conclude that substantial justice was not done the party complaining, and the decision of the Sandusky County Court, District 1, is reversed. Pursuant to App.R. 24, appellee is ordered to pay the court costs of this appeal.

Judgment reversed.

HANDWORK and SHOW, JJ., concur.