{¶ 39} I concur in the majority's disposition of this case. I write separately for the purpose of noting that I believe the question of whether a requested jury instruction sets forth a correct and complete statement of the law is properly reviewed de novo. See Sharp v. Norfolk Western Railway Co., 72 Ohio St. 3d 307, 312 (1995). If competing requested instructions set forth correct and complete statements of the law, the trial court has discretion to determine which to give and, in that circumstance, this Court properly applies an abuse of discretion standard on review. In this case, neither the instruction given by the trial court nor the proposed instruction submitted by the plaintiffs adequately explained how the various factors that may impact on the determination of whether the Club is a place of public accommodation were to be used by the jury in making that determination. For example, both instructed that the history of the organization is a factor to be considered, but neither informed the jury of the types of things in the Club's history that weigh for or against a determination that it is a place of public accommodation. Plaintiffs' requested instruction would have told the jury that *Page 19 
"[t]he genuine selectivity of the group" is a factor to be considered, but it would not have told it that the more selective the group, the more likely that the Club is not a public accommodation. If this Court were to accept that the selectivity question is the most important factor for determining whether the Club is a place of public accommodation, while the plaintiffs' proposed instruction would constitute a correct statement of the law insofar as it goes, it would not go far enough to be a complete statement of the law. Accordingly, the trial court did not err by refusing to give it. *Page 1