OPINION *Page 2 
{¶ 1} Plaintiff Elizabeth Myers appeals a judgment of the Court of Common Pleas of Morrow County, Ohio, entered on a jury verdict in favor of defendant David L. Street. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR DIRECTED VERDICT AT THE CLOSE OF APPELLEE'S CASE.
 {¶ 3} "II. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR A NEW TRIAL."
 {¶ 4} The record indicates Sidney Danals was driving a van northbound on State Route 61 in Morrow County, Ohio. The van was owned by Danal's employer, the Siemens Corporation. Appellee was driving his vehicle eastbound on County Road 59. Both vehicles were traveling at about the speed limit of 55 m.p.h. The two vehicles collided at the intersection of County Road 59 and State Route 61. Appellant, a passenger in appellee's vehicle, sustained serious injuries in the collision.
 {¶ 5} Ordinarily, stop signs were posted at the eastern and western ends of the intersection for traffic on County Road 59, but there were no stop signs for traffic traveling on State Route 61. However, at the time of the accident the stop sign on the western side of County Road 59, where appellee's vehicle was approaching, was down. The vehicles collided in Danals' lane of travel, and Danals' vehicle struck the rear passenger side of the appellee's vehicle.
 {¶ 6} Appellant brought suit against appellee, and Danals and his employer. At some point during the proceedings, Danals and the Siemens Corporation were *Page 3 
dismissed from the case, and the matter was tried to the jury with appellee as the sole defendant. The jury returned a verdict in favor of appellee.
 {¶ 7} After the trial court entered judgment in favor of appellee on July 1, 2005, appellant filed a motion for a new trial pursuant to Civ. R. 59. The trial court overruled the motion for new trial on January 11, 2006, and appellant appealed. Appellee argues appellant's motion for new trial only raised the issues in Assignment of Error II, and urges only this issue is properly before this court. Appellee suggests appellant's appeal as to Assignment of Error I is untimely.
 {¶ 8} App. R. 4 (B) provides a motion for a new trial pursuant to Civ. R. 59 tolls the running of the time for appeal until the court journalizes an order disposing of the motion. We find appellant has preserved both issues for this court's review.
 I. {¶ 9} In her first assignment of error, appellant argues the trial court should have sustained her motion for a directed verdict, because as a matter of law appellee was required to yield the right of way to Danals' vehicle as it approached from his right.
 {¶ 10} Civ. R. 50 (A)(4) states in pertinent part: "When a motion for directed verdict has been properly made and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come but to one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue." *Page 4 
 {¶ 11} Our review of the trial court's ruling on a motion for directed verdict is de novo, Midwest Energy Consultants, L.L.C. v. UtilityPipeline, Ltd. Stark App. No. 2006CA00048, 2006-Ohio-6232.
 {¶ 12} R.C.4511.41 provides: (A) When two vehicles, including any trackless trolley or streetcar, approach or enter an intersection from different streets or highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right.
 {¶ 13} At the trial, out of the presence of the jury, the trial court explained its reasons for overruling of the motion for directed verdict. The court correctly stated the right-of-way always goes to the person on the right, but the two vehicles must arrive at the intersection at approximately the same time. The court noted appellee's vehicle was hit in the back, not broadside or in the front, leading the court to believe appellee's vehicle was almost completely through the intersection when the collision occurred. The court found the matter presented an issue for the jury.
 {¶ 14} Reviewing the matter de novo, we find the trial court was correct in finding reasonable minds could differ on the issue. Although it was a very close call, the court did not err in submitting the matter to the jury.
 {¶ 15} The first assignment of error is overruled.
 II. {¶ 16} In her second assignment of error, appellant argues the court should have granted her motion for new trial because the bailiff had some communications with the jury foreperson during deliberations. *Page 5 
 {¶ 17} The trial court interviewed two jurors and the bailiff, and allowed appellant to also ask questions on the record. The court spoke with Tracey Weber, one of the jurors, who testified during deliberations one of the other jurors expressed doubt about the time of the accident. For this reason, the jury wanted to read the transcript of the investigating officers' testimony. Weber stated her notes and the foreperson's notes said the stop sign had been down at 4 o'clock, and the police report stated it was 1600 hours, but the jury just wanted to verify it. The court also interviewed the foreperson, Melissa Staats, on the record. Staats corroborated Weber's testimony that one person in the jury room had questioned the timing of the accident. Staats testified she approached the bailiff and asked if the jury could have the trooper's testimony, but was told it would be hard to get it because it was the JAVS System. Staats told the bailiff the jury just wanted to verify the trooper said the stop sign was down at 4 o'clock. The bailiff indicated he recalled the trooper had said 4 o'clock, and referred her back to the accident report which the jury had in the jury room.
 {¶ 18} Appellant's counsel asked the juror if the issue was a major factor in the jury's verdict. Staats replied partially yes, because the stop sign had been down for a long time before the accident. It appears the jury was considering whether the county was negligent in not correcting the problem promptly, contributing to the accident.
 {¶ 19} The bailiff's testimony corroborated the jurors' testimony.
 {¶ 20} The trial court concluded the bailiff should not have communicated with Staats, but the conversation did not deal with any facts crucial to the ultimate issue. The court found it was harmless error, and overruled the motion for new trial. *Page 6 
 {¶ 21} Civ. R. 59 (A)(1) provides a new trial may be granted upon an irregularity of the proceedings of the court, jury, magistrate, or prevailing party, by which an aggrieved party was prevented from having a fair trial. Appellant also directs us to R.C. 2315.04, which prohibits officers of the court in charge of a jury to communicate with them except by order of the court.
 {¶ 22} In reviewing a trial court's decision regarding a motion for new trial, this court uses the abuse of discretion standard, Sharp v.Norfolk Western Railway Company, 72 Ohio St. 3d 307, 1995-Ohio-224, 649, N.E. 2d 1219. Thus, this court should not disturb a trial court's decision except on a showing the decision was unreasonable, unconscionable, or arbitrary, Id., citing Blakemore v. Blakemore (1983), 5 Oho St. 3d 217, 5 OBR 481, 450 N.E. 2d 1140.
 {¶ 23} We agree with the trial court although the communication was improper, it was not crucial to the ultimate issue presented to the jury. We agree with the trial court the communication was harmless error.
 {¶ 24} The second assignment of error is overruled. *Page 7 
 {¶ 25} For the foregoing reasons, the judgment of the Court of Common Pleas of Morrow County, Ohio, is affirmed.
 Gwin, P.J., and Farmer, J., concur; Edwards, J., dissents. *Page 8