DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that awarded appellee $22,000 in damages in this negligence action and denied the motion for a new trial filed by appellants Roger Foos Insurance Agency and Roger Foos. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appellants set forth the following assignments of error: *Page 2 
 {¶ 3} "A. The successor court erred in denying the motion for a new trial filed by Appellants without having reviewed any of the evidence produced at the trial conducted by the preceding court.
 {¶ 4} "B. The trial court and the successor court erred in not granting judgment in favor of Defendants as a result of Plaintiff s failure to introduce evidence necessary to meet Plaintiffs burden of proof"
 {¶ 5} In June 2002, appellee Kim Schroeder separated from her husband and moved into a house in Lucas County, Ohio, which the couple owned. In March 2003, the house and all of its contents were destroyed by fire. Appellee received an estimate of $94,000 to rebuild the house. The policy in effect at the time of the fire carried a limit of $72,000 for structural damage. On March 21, 2005, appellee filed an action for damages against appellant Roger Foos Insurance Agency and Roger Foos individually in which she asserted that appellants were negligent in failing to implement policy changes she requested in 2002, and that as a result, she was forced to incur significant debt repairing the house and replacing its contents. The case was assigned to Judge Denise Ann Dartt. The three original defendants filed motions for summary judgment, two of which were granted. The judge denied the motion for summary judgment filed by appellants Roger Foos and Roger Foos Insurance Agency, finding that a genuine issue of material fact existed as to whether appellants informed appellee that she was required to sign an application form to effectuate a change in her insurance policy. *Page 3 
 {¶ 6} For reasons not clear from the record, Visiting Judge Stephen A. Yarbrough presided over the July 2006 bench trial. In a judgment entry filed August 1, 2006, Judge Yarbrough granted judgment in favor of appellee in the amount of $22,000 plus interest from the date of loss. On August 9, 2006, appellants filed a motion for a new trial, which was denied by Judge Dartt on October 31, 2006. This timely appeal followed.
 {¶ 7} We will address appellants' assignments of error in reverse order. In their second assignment of error, appellants assert that appellee failed to introduce evidence sufficient to meet her burden of proof. Appellants argue that appellee did not establish at trial what type of policy she claimed she requested, but did not receive, after she moved into the house in June 2002. They further argue that appellee did not establish her monetary damages. In their challenge to the trial court's judgment, appellants do not articulate whether they believe that the judgment is against the weight of the evidence, or that it is unsupported by the sufficiency of the evidence. Upon review, it appears to this court that their claimed error is in the nature of a challenge to the weight of the evidence and it will be considered as such.
 {¶ 8} Roger Foos testified that he prepared a new homeowner's policy for appellee in early September 2002, and that appellee agreed to stop by his office on September 13 and sign the paperwork. He testified that he did not see appellee again until after the fire in March 2003.
 {¶ 9} Appellee testified that soon after she moved in 2002, she asked Foos to change the policy on the house to what she referred to at trial as a "homeowner's policy" *Page 4 
as opposed to the existing "dwelling policy." She testified that she stopped by the office several times during the summer of 2002, and that Foos did not ask her to sign anything regarding a revision of her policy. Appellee further testified that Foos told her that she was covered and should not worry about it. She also testified that her house was a total loss after the fire and that she was given a repair estimate of $94,403.76, which was $22,000 more than her policy limit.
 {¶ 10} It is apparent from the record that there was conflicting testimony as to whether appellee actually requested a replacement value homeowner's policy and, if so, whether Foos prepared one for her signature. Foos testified that he prepared a new policy for appellee in September 2002, but she failed to come to the office to sign it. At trial, Foos identified a policy which he testified was prepared in September 2002, for appellee's signature. Foos further testified, however, that the policy actually was a recreation of one he prepared in 2002, but could not find in 2004, when appellee's counsel contacted him asking to see the policy. Foos testified that he did not tell appellee's counsel that the copy he provided him was a recreation as opposed to a photocopy of an original from 2002. Finally, we note that Foos did not testify that appellee had not requested a replacement value policy.
 {¶ 11} The credibility of witnesses and the resolution of conflicting evidence are for the trial court to resolve as the finder of fact.State v. DeHaas (1967), 10 Ohio St.2d 230, 231. Further, as the 8th District Court of Appeals held in Cleveland Police Patrolmen's Assn. v.Voinovich (1984), 15 Ohio App.3d 72, 75, "* * * in reviewing a *Page 5 
bench trial an appellate court will uphold the trial court's evaluations unless it appears the record is insufficient to support a reasonable person in concluding as the trial judge did."
 {¶ 12} Based on the foregoing, we cannot find that the trial court's conclusion was such that no reasonable person could have found as he did. Accordingly, appellants' second assignment of error is not well-taken.
 {¶ 13} In their first assignment of error, appellants assert that Judge Dartt erred by denying their motion for a new trial without having reviewed any of the evidence produced at the trial.
 {¶ 14} Because a trial court has discretion to grant or deny a motion for a new trial pursuant to Civ.R. 59, a reviewing court will reverse a trial court's decision regarding a new trial only if it was unreasonable, arbitrary or unconscionable. Sharp v. Norfolk W. Ry.Co. (1995), 72 Ohio St.3d 307, 312.
 {¶ 15} Appellants argue that Judge Dartt did not review any of the evidence and had no facts on which to base her decision to deny the motion for new trial. Appellants' claim that Judge Dartt did not reviewany of the evidence has no support in the record. However, as appellants state, it is clear that Judge Dartt did not have access to a trial transcript when she reviewed the motion. This is because appellants did not request that a transcript be prepared.
 {¶ 16} A movant has a duty to present the evidence necessary to support a motion for a new trial. Potocnik v. Sifco Industries,Inc. (1995), 103 Ohio App.3d 560. See, also, this court's decision inReynolds v. Hazelberg (Aug. 6, 1999), 6th Dist. No. *Page 6 
E-98-082. Although Potocnik differs from the case before us in that the trial court in that case granted a motion for a new trial without benefit of a written transcript to review, we note that the appeals court reversed that decision, stating that the motion for a new trial should have been denied because the movant had failed to present the necessary evidence to support it. Appellants herein argue that they did not request a transcript because they did not know that the case would be reassigned to Judge Dartt after the trial. Nevertheless, it was appellants' burden to provide the court with evidence in support of their motion, regardless of whether the motion was to be decided by a "successor judge" or the same judge who presided over the trial.
 {¶ 17} Based on the foregoing, we find that the trial court did not abuse its discretion by denying the motion for a new trial and appellants' first assignment of error is not well-taken.
 {¶ 18} On consideration whereof, we find that substantial justice was done the parties complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., Concur. *Page 1