OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Judith Messenger, appeals the decision of the Belmont County Court of Common Pleas denying her motion for a new trial. With this appeal, Messenger claims that the trial court erred in not granting a new trial based upon counsel's abusive conduct during closing arguments. However, Messenger has failed to provide us with a complete transcript of the original trial. Thus, we can only presume the regularity of the proceedings below. Moreover, Messenger failed to object to the allegedly abusive statements at trial, so she waived all but plain error and the conduct complained of does not rise to the level necessary for us to reverse based upon civil plain error. Accordingly, the trial court's decision is affirmed.
 {¶ 2} On November 28, 2006, Messenger's personal injury case involving an automobile collision was brought to trial before a jury. The jury returned a verdict in favor of Appellee, Jason Timko. Following that verdict, Messenger moved for a new trial, claiming she was prejudiced by opposing counsel's conduct during closing arguments. The trial court denied the motion.
 {¶ 3} As her sole assignment of error, Messenger claims:
 {¶ 4} "The trial court erred in not granting new trial based upon the gross and abusive conduct of counsel."
 {¶ 5} The decision to grant or deny a motion for a new trial pursuant to Civ.R. 59 rest in the sound discretion of the trial court, and will not be reversed absent an abuse of that discretion. Sharp v. Norfolk W. Ry. Co., 72 Ohio St.3d 307, 312, 1995-Ohio-0224; Dillon v.Bundy (1991), 72 Ohio App.3d 767, 773. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 6} To warrant reversal, Messenger must show that there is room for doubt that the verdict was influenced by the improper remarks, rather than being rendered on the evidence. Borucki v. Skiffey (Sept. 14, 2001), 11th Dist. Nos. 2000-T-0029 and 2000-T-0057, 2001 WL 1077854, at2, citing Pesek. However, Messenger has failed to provide *Page 2 
us with a transcript of the actual trial. Without a complete trial transcript, it is impossible to surmise just how strong or weak the case was in support of either party. Thus, we can only presume the validity of the lower court's proceedings and conclude that the verdict was supported by the evidence. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384.
 {¶ 7} Even if we were to ignore that fundamental problem, we would affirm the trial court's decision. Generally, trial counsel is entitled to considerable latitude in the presentation of closing argument.Pang v. Minch (1990), 53 Ohio St.3d 186, paragraph two of the syllabus. The Supreme Court of Ohio has recognized, however, that abusive remarks and tactics can undermine the fairness of the trial, and that the trial judge has a duty "to see that counsel do not create an atmosphere which is surcharged with passion or prejudice and in which the fair and impartial administration of justice cannot be accomplished." Pesek v.University Neurologists Assn., Inc., 87 Ohio St.3d 495, 2000-Ohio-483; see Fehrenbach v. O'Malley, Hamilton App. No. C-40128, 2005-Ohio-5554. "When argument spills into disparagement not based on any evidence, it is improper." Clark v. Doe (1997), 119 Ohio App.3d 296, 307.
 {¶ 8} In the present case, Messenger challenges the following comments which were made during closing arguments:
 {¶ 9} "I also want to tell you that our system of justice, which we have inherited from the English, which was then changed from time to time by our forefathers, is undoubtedly the best in the whole world. There's no question in my mind. Unfortunately, it is also the most seriously abused. And I see this particular case — I have to be blunt with you, because, you know, there's no way to hide this, my feelings here. This has to be one of the most abusive ones that I've experienced in more years than I'd like to think about."
 {¶ 10} "* * *
 {¶ 11} "The — the trial is fast approaching, fast approaching, and what was she to present?"
 {¶ 12} "* * * *Page 3 
 {¶ 13} "See, it's all designed to give her an opportunity to argue to you that she is entitled to a lot of money."
 {¶ 14} "* * *
 {¶ 15} "You have the power to stop the abuse, at least in this case."
 {¶ 16} Messenger did not object to these statements at the time they were made. Ordinarily, in order to support a reversal of a judgment based on improper closing argument to the jury, it is necessary that counsel interject a proper and timely objection to the claimed improper remarks so that the court may take proper action thereon. Snyder v.Stanford (1968), 15 Ohio St.2d 31, 238 N.E.2d 563, paragraph one of the syllabus; Villella v. Waikem Motors, Inc. (1989), 45 Ohio St.3d 36, 40. Thus, the determination of whether remarks made during closing argument exceeded the bounds of permissible argument is a discretionary function to be performed, in the first instance, by the trial court.Pang, at paragraph three of the syllabus.
 {¶ 17} However, "[w]here gross and abusive conduct occurs, the trial court is bound, sua sponte, to correct the prejudicial effect of counsel's misconduct." Pesek, 87 Ohio St.3d at 501, 721 N.E.2d 1011
(emphasis omitted) (quoting Snyder, 15 Ohio St.2d at 37,238 N.E.2d 563). If "there is room for doubt, whether the verdict was rendered upon the evidence, or may have been influenced by improper remarks of counsel, that doubt should be resolved in favor of the defeated party." Id. at 502, quoting Warder, Bushnell Glessner Co. v. Jacobs (1898), 58 Ohio St. 77, 85.
 {¶ 18} Although this standard imparted by the Supreme Court inPesek, and relied upon by Messenger, would seem to suggest that a plain error analysis would not apply in this situation; the Supreme Court indicated otherwise in Gable v. Gates Mills, 103 Ohio St.3d 449,2004-Ohio-5719. The Supreme Court explained that:
 {¶ 19} "Except where counsel, in his opening statement and closing argument to the jury, grossly and persistently abuses his privilege, the trial court is not required to intervene sua sponte to admonish counsel and take curative action to nullify the prejudicial effect of counsel's conduct.
 {¶ 20} "* * * *Page 4 
 {¶ 21} "This court will not reverse a jury verdict in a civil action based on the assertion of plain error where no timely objection was made except in the `extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.' Goldfuss v. Davidson (1997),79 Ohio St.3d 116, 122-123, 679 N.E.2d 1099." Gable at ¶ 40, 43.
 {¶ 22} Here, although the statements made by counsel were unquestionably inappropriate, the complained of remarks did not "seriously affect the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Thus, this is not one of the exceptional circumstances described by the Supreme Court and Messenger's failure to object alone is fatal to this assignment of error.
 {¶ 23} Accordingly, the judgment of the trial court is affirmed.
Vukovich, J., concurs.
 Waite, J., concurs. *Page 1