OPINION *Page 2 
{¶ 1} Plaintiffs-Appellants Joseph Deranek, et al., appeal the December 17, 2007, decision of the trial court denying their motion for a new trial.
 {¶ 2} Defendant-Appellee is Stephen T. Mills
 STATEMENT OF THE FACTS AND THE CASE {¶ 3} This lawsuit arises as a result of a motor vehicle/pedestrian collision in which Plaintiff-Appellant Joseph Deranek was injured.
 {¶ 4} On October 19, 2005, Plaintiff-Appellant Joseph Deranek was struck by a recreational vehicle driven by Defendant-Appellee Stephen Mills while he was traveling westbound on Refugee Road in Fairfield County, Ohio. Refugee Road is divided by a double yellow line with both edges of the road demarcated with white lines. (T. at 54). The portion of Refugee Road where the collision occurred is straight and flat. (T. at 56). At the time of the accident, Plaintiff-Appellant and two co-workers were assigned to drill for and obtain soil samples in the front yard of a farmhouse residence on Refugee Road. (T. at 7-9). Prior to drilling for the soil samples, Plaintiff-Appellant and his co-worker, Addison (Adam) Willis, examined the front yard of the farmhouse property to determine how to best access the worksite with the massive drill rig truck so as to minimize damage to the property. (T. at 15-16). The two men were standing on the residential driveway apron outside (North) of the white line that marked the edge of the roadway. (T. at 17). They were generally facing west as Defendant-Appellee's motor home approached them from behind. Id.
 {¶ 5} On the day of the accident, Defendant-Appellee was operating his motor home westbound on Refugee Road. (T. at 44). The weather conditions the morning of *Page 3 
the accident were clear with light traffic. (T. at 52-53, 88). Defendant-Appellee testified that as he drove along Refugee Road approaching the farmhouse where Mr. Willis and Plaintiff-Appellant stood, he saw the two men standing in the driveway at what he believed to be five to eight feet from the road.
 {¶ 6} As Appellee's motor home passed Appellant, Appellant was struck by the vehicle. The collision occurred at the extreme right front corner of the motor home's windshield and along the right side of the motor home, tearing away the right side mirror and an awning strut attached to the right side of the vehicle.
 {¶ 7} As a result of the accident, Appellant suffered permanent injuries. He also suffered from post-traumatic amnesia and remembers no details of the accident.
 {¶ 8} Plaintiffs-Appellants Joseph Deranek, his wife and child filed suit against Defendant-Appellee Stephen T. Mills.
 {¶ 9} Prior to the trial which commenced on October 30, 2007, the parties agreed to certain damage awards based upon a jury verdict, and the only real issue at trial was the degree of negligence, if any, that the jury applied to Plaintiff-Appellant and/or Defendant-Appellee.
 {¶ 10} At trial, the jury heard the testimony of Defendant-Appellee Stephen Mills, Plaintiff-Appellant's co-worker Adam Willis, Deputy Sheriff Carl Lape and Charlotte Izyk, an independent witness who was driving the car directly behind Defendant-Appellee's motor home.
 {¶ 11} Adam Willis testified that he and Appellant stood in the driveway five to ten feet from the road and remained in the same position as they spoke. (T. at 18, 21). Mr. Willis further testified that he never saw Appellant walk into the roadway or cross the *Page 4 
white line separating the driveway from the roadway. (T. at 21-22). Mr. Willis admitted that he briefly turned his back to walk towards his truck seconds before Appellee's RV struck Appellant. (T. at 22). He stated that when he turned back around he saw Appellant flying through the air. (T. at 23). He further testified that Appellant came to rest on the driveway facing north. (T. at 25).
 {¶ 12} Appellee testified that on the day in question, he left his house at around 10:00 a.m. and had travelled a little less than three (3) miles prior to the collision. (T. at 52, 86). He stated that as he turned on Refugee Road, he observed Appellant and Mr. Willis standing in a driveway, approximately five (5) to (8) feet from the roadway. (T. at 56-62, 88-91). He testified that he was aware of the men as he approached and passed the area where they were standing, and that he never saw either of them move toward the roadway. (T. at 91, 94)
 {¶ 13} Charlotte Izyk testified that she was traveling behind Appellee's vehicle when the accident happened. She testified that she was particularly aware of Appellee's motor home because it reminded her of how her father drove his motor home very slowly down the roadway. (T. at 28-29). She testified that Appellee was traveling at between 40 and 45 mph in a 55 mph speed zone. (T. at 29). Ms. Izyk stated that she saw Appellant, which she mistakenly believed was a deer, spinning off from the side of the motor home. (T. at 30-31). Ms. Izyk's testimony is that prior to the impact, Appellee was in his lane, never swerving and never leaving his lane of travel. (T. at 31-32).
 {¶ 14} Fairfield County Sheriff's Deputy Carl Lape testified that he was the first responding officer to the scene of the accident. (T. at 7). While he did not witness the *Page 5 
accident, Deputy Lape testified that there was hair embedded at the point of impact on Appellee's windshield, which he assumed came from Appellant. (T. at 9-10).
 {¶ 15} On November 1, 2007, the jury returned a unanimous verdict finding Defendant-Appellee, Stephen T. Mills was not negligent.
 {¶ 16} Plaintiffs-Appellants filed a Motion for a New Trial pursuant to Ohio Civil Rule 59, which was opposed by Defendant-Appellee.
 {¶ 17} On December 17, 2007, the trial court denied Plaintiffs-Appellants' Motion for a New Trial.
 {¶ 18} Plaintiffs-Appellants now appeal, raising the following assignment of error for our consideration:
 ASSIGNMENT OF ERROR {¶ 19} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING PLAINTIFFS' MOTION FOR A NEW TRIAL WHERE THE JURY'S VERDICT THAT THE DEFENDANT-APPELLEE WAS ENTIRELY FREE FROM NEGLIGENCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE JUDGMENT CONTRARY TO LAW WHERE THE DEFENDANT-APPELLEE'S OWN TESTIMONY ESTABLISHES THAT HE VIOLATED THE ASSURED CLEAR DISTANCE STATUTE AND WAS NEGLIGENT PER SE."
 I. {¶ 20} Plaintiffs-Appellants argue that the trial court erred in not granting their Motion for a New Trial. We disagree.
 {¶ 21} Appellant's motion for a new trial invoked Civ. R. 59(A)(6) and (7), which allows the court to order a new trial upon its finding: *Page 6 
 {¶ 22} "(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
 {¶ 23} "(7) The judgment is contrary to law."
 {¶ 24} On these claims, the trial court must review the evidence and pass in a limited way on the credibility of the witnesses. Atkinson v.International Technegroup, Inc. (1995), 106 Ohio App.3d 349. It must appear to the court that a manifest injustice has been done and that the verdict is against the manifest weight of the evidence. Rhode v.Farmer (1970), 23 Ohio St.2d 82.
 {¶ 25} In Helfrich v. Mellon, Licking App. No. 06CA69, 2007-Ohio-3358, this Court found when a party files a motion for a new trial because the judgment is not sustained by the sufficiency of the evidence, the trial court must review the evidence presented at trial and weigh the sufficiency of the evidence and the credibility of the witnesses.Helfrich at paragraph 86, citing Rhode v. Farmer (1970),23 Ohio St.2d 82, 262 N.E.2d 685. In reviewing a trial court's decision regarding a motion for new trial, we apply the abuse of discretion standard.Sharp v. Norfolk Western Railway Company, 72 Ohio St.3d 307,1995-Ohio-224, 649 N.E .2d 1219. This Court may not disturb a trial court's decision unless we find the decision was unreasonable, unconscionable, or arbitrary. Id. (Citation omitted). Whether that standard requires reversal is determined on a case-by-case basis, in relation to the facts involved. Mannion v. Sandel, 91 Ohio St.3d 318,744 N.E.2d 759, 2001-Ohio-47. However, as applied to a review of a decision to grant a new trial, `the abuse of discretion standard requires a reviewing court to "view the evidence favorably to the trial court's action rather than to the original jury's *Page 7 
verdict." Malone v. Courtyard By Marriott Limited Partnership, 74 Ohio St .3d 440, 448, 659 N.E.2d 1242, 1996-Ohio-311, quoting Rhode v.Farmer, at 94, 262 N.E.2d 685. This deference to the trial court's grant of a new trial stems in part from the recognition that the trial judge is better situated than a reviewing court to pass on questions of witness credibility and the "surrounding circumstances and atmosphere of a trial."' Id. Stephenson v. Upper Valley Family Care, Inc. Miami App. No. 07CA12, 2008-Ohio-2899, ¶ 75.
 {¶ 26} Appellants specifically argue that "it was against the manifest of the evidence and contrary to law for the jury to find that [Appellee] was without any negligence whatsoever" because a violation of R.C. § 4511.21(A) is negligence per se. (Appellants' brief at 6).
 {¶ 27} R.C. § 4511.21(A), provides:
 {¶ 28} "(A) No person shall operate a motor vehicle, trackless trolley, or streetcar at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead."
 {¶ 29} The trial court, in its December 17, 2007, Journal Entry denying Appellant's motion for a new trial, found:
 {¶ 30} "Plaintiffs assert that the jury verdict that Defendant Stephen Mills was entirely free from negligence was against the manifest weight of the evidence and that the judgment is contrary to law. Specifically, they argue that the principle of assured *Page 8 
clear distance required a verdict in their favor. Defendant contends that there was no violation of assured clear distance as there was no testimony that Plaintiff or anything else was in Defendant's lane of travel. Further, there was testimony from an independent witness, Charlotte Izyk, that Defendant maintained his lane at a safe speed prior to and at the time of the accident.
 {¶ 31} "In reviewing the evidence presented at trial, weighing the sufficiency of the evidence and the credibility of the witnesses, and reviewing of the portion of the Defendant's testimony provided by Plaintiffs, this Court finds that the jury's verdict finding that Defendant was not negligent is supported by substantial competent, credible evidence and said verdict in favor of Defendant was not contrary to law." Id.
 {¶ 32} Upon review, we find that the trial court did not abuse its discretion by finding that the jury's verdict was sustained by the weight of the evidence and not contrary to law. The trial court could clearly find evidence from the testimony presented at trial to support the jury's finding that Appellants failed to prove negligence on the part of Appellee.
 {¶ 33} At trial, the jury did not hear testimony from anyone who actually saw the collision occur. They did, however, hear testimony from both Charlotte Izyk and Appellee that Appellee never left his lane of travel. Appellee further testified that he never saw Appellant move into his lane of travel.
 {¶ 34} Upon review of the record below, we cannot find that the trial court abused its discretion by finding that the jury's verdict was supported by the manifest weight of the evidence. As such, we find that the trial court did not abuse its discretion in overruling Appellants' motion for a new trial. *Page 9 
 {¶ 35} Appellants' sole assignment of error is overruled.
 {¶ 36} For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
 Wise, J. Gwin, P. J., and Delaney, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
 Costs assessed to Appellants. *Page 1