DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Gary Murray, appeals from the order of the Lorain County Court of Common Pleas determining custody and child support. We affirm.
 I. {¶ 2} On August 25, 2003, Appellee, Deborah Murray, nka Deborah Haury, and Appellant were divorced and entered into a Shared Parenting Plan regarding their minor child. Appellant filed a motion to modify custody on July 1, 2005. On July 5, 2005, the trial court approved Appellant's poverty affidavit. The matter was set for trial on March 15, 2006. On January 27, 2006, Appellee filed a *Page 2 
combined motion to modify parental rights and responsibilities and to terminate shared parenting. On May 3, 2006, Appellant appeared pro se at the trial. In its June 7, 2006 order, the trial court terminated the Shared Parenting Plan and designated Appellee as the residential parent and legal custodian of the minor child. The trial court further denied Appellant visitation "at this time," and ordered him to pay Appellee the sum of $224.29 per month for child support. Appellant moved for a new trial on June 6, 2006. On July 7, 2006, Appellant filed his notice of appeal, an affidavit of poverty, and a request for transcript. On October 5, 2006, Appellant filed with this Court a motion for transcript at the State's expense. His motion was denied on October 19, 2006. Appellant asserts two assignments of error, which we have combined for ease of review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ABUSED ITS DISCRETION BY DEMONSTRATING AN ATTITUDE TOWARD APPELLANT THAT WAS ARBITRARY, THUS VIOLATING HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT'S DECISION CONSTUCTIVELY (sic) TERMINATING APPELLANT'S PARENTAL RIGHTS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 3} Appellant contends that the trial court abused its discretion by demonstrating an arbitrary attitude and that its decision to constructively terminate *Page 3 
his parental rights was against the manifest weight of the evidence. We do not agree.
 {¶ 4} We first note that a transcript of the hearing regarding the modification of custody and motion to modify parental rights and responsibilities/motion to terminate the shared parenting plan is not before this Court. It is Appellant's duty to provide a transcript for appellate review because he bears the burden of demonstrating error by reference to matters in the record. State v. Skaggs (1978),53 Ohio St.2d 162, 163. App.R. 9(B) provides that Appellant shall order from the reporter the portion of the transcript that he deems necessary for the resolution of assigned errors. Appellant has not met the burden of producing a transcript of the proceedings from which he claims error.
 {¶ 5} Appellant argues that due to his indigent status, he requested a transcript at the expense of the State. Appellant appealed from the termination of the shared parenting plan and a modification of custody. In its journal entry, the trial court found that under the original shared parenting plan, Appellee was designated as residential parent for school purposes and Appellant exercised companionship with the child in accordance with a schedule set forth in the plan. The trial court further found signs that the minor child was the victim of abuse, and therefore she should not have visits with her father "at this time." The court determined that it was in the best interest of the child to reside primarily with her mother, terminated the shared parenting plan and designated Appellee as the *Page 4 
primary residential parent and legal custodian. Appellant was not awarded any visitation with the minor child "at this time."
 {¶ 6} The United States Supreme Court has recognized a constitutional right to appointment of counsel or to a transcript at the State's expense only in appeals from orders permanently terminating parental rights. See M.L.B. v. S.L.J. (1996), 519 U.S. 102. Appellant appeals from an ordering modifying custody and terminating a shared parenting plan. As this case does not concern the permanent termination of Appellant's parental rights, he does not have a constitutional right to transcripts at the State's expense. Without a transcript of the proceedings, we have nothing upon which to pass and have no choice but to presume the validity of the trial court proceedings. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. Therefore, we cannot say that the trial court abused its discretion or that its decision was against the manifest weight of the evidence. Appellant's assignments of error are overruled.
 III. {¶ 7} Appellant's assignments of error are overruled and the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 5 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 SLABY, P. J., DICKINSON, J., CONCUR *Page 1