[Cite as *Jagodzinski v. Abdul-Khaliq*, 2015-Ohio-5510.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| ANDREA JAGODZINSKI | : | JUDGES: |
|  | : |  |
|  | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : | Hon. Patricia A. Delaney, J. |
| -vs- | : |  |
|  | : | Case No. 15-CA-31 |
|  | : |  |
| OMRAN ABDUL-KHALIQ | : |  |
|  | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Licking County Court of Common Pleas, Domestic Relations Division, Case No. 11 DR 01162 RPW |
| JUDGMENT: | AFFIRMED |
| DATE OF JUDGMENT ENTRY: | December 30, 2015 |

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee: | For Defendant-Appellant: |
| PHILIP L. PROCTOR | ALFRED RAY ENGLISH |
| P.O. Box 4803 | 1549 Wood Iris Way |
| Newark, OH 43058 | Lawrenceville, GA 30045 |

*Delaney, J.*

{¶1} Defendant-appellant Omran Abdul-Khaliq ("Father") appeals from the April 24, 2015 Judgment Entry of the Licking County Court of Common Pleas, Domestic Relations Division. Plaintiff-appellee is Andrea Jagodzinski ("Mother").

## FACTS AND PROCEDURAL HISTORY

{¶2} Mother and Father have a minor child in common, D., d.o.b. October 14, 2004. Mother and Father have never been married. The instant case has a long and convoluted procedural history. The following includes the procedural history relevant to the issues in this appeal. It is undisputed that both parties want custody of D. and the parties have rarely cooperated on any shared parenting plan for any length of time.

{¶3} Mother filed a complaint to establish father-child relationship on June 6, 2006 in Franklin County. In 2008 and 2009, Father filed motions for ex parte custody. On June 25, 2009, the parties executed a Shared Parenting Plan.

{¶4} On May 31, 2011, Mother filed a motion for emergency custody order and a motion to reallocate parental rights and responsibilities.

{¶5} The case was transferred to the Licking County Court of Common Pleas, Domestic Relations Division on July 13, 2011. On January 17, 2012, the parties reached a settlement agreement which was modified by an agreed judgment entry filed February 10, 2012. Essentially, the parties agreed to return to the terms of the 2009 shared parenting plan with some modifications.

{¶6} From June 2012 through December 2013, both parties filed numerous contempt motions, ex parte motions for custody, and a petition for civil protection order that was ultimately denied.

{¶7} Relevant to this appeal, on November 9, 2013; January 27-28, 2014, and February 21, 2014, a final hearing was held on the parties' various motions for contempt, motion to reallocate parental rights and responsibilities, and a motion for payment of fees by the guardian ad litem.

{¶8} On April 17, 2014, Mother filed an ex parte motion for emergency custody of the minor child premised upon Father's indictment upon criminal charges in the Licking County Court of Common Pleas.[1]

{¶9} On April 18, 2014, the trial court granted Mother's motion, designated Mother temporary legal custodian of the child and suspended Father's parenting time.

{¶10} On April 21, 2014, the magistrate entered its decision upon the pending motions heard on November 9, 2013 and January 27-28 and February 21, 2014. Father filed objections to this decision on May 5, 2014.

{¶11} On April 25, 2014, an immediate hearing was held upon Mother's ex parte motion for emergency custody of the minor child.

{¶12} On May 5, 2014, the magistrate entered an order reaffirming the orders of the ex parte hearing designating Mother as temporary legal custodian and suspending Father's parenting time.

{¶13} On June 18 and 19, 2014, Father filed a motion to set aside and an amended motion to set aside.

---

[1] On May 14, 2015, in Licking County Court of Common Pleas Case No. 2014 CR 00305, Father was convicted upon one count of intimidation pursuant to R.C. 2921.03, a felony of the third degree; one count of trademark counterfeiting pursuant to R.C. 2913.34, a misdemeanor of the first degree; and one count of impersonating a peace officer pursuant to R.C. 2921.51, a misdemeanor of the fourth degree.

{¶14} On March 26, 2015, the trial court entered an opinion and decision overruling Father's objections and adopting the magistrate's decision.

{¶15} On April 24, 2015, the trial court entered a judgment entry terminating the Shared Parenting Plan and granting sole custody to Mother.

{¶16} On April 29, 2015, Father filed a motion for new trial which was denied by the trial court on June 3, 2015.

{¶17} Appellant now appeals from the April 24, 2015 Judgment Entry of the Licking County Court of Common Pleas, Domestic Relations Division.

{¶18} Father raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶19} "I. THERE WAS INSUFFICIENT EVIDENCE FOR THE TRIAL COURT TO CONCLUDE THAT THE TERMINATION OF THE SHARED PARENTING PLAN WAS IN THE BEST INTEREST OF THE CHILD."

{¶20} "II. THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT'S MOTION FOR A NEW TRIAL."

**ANALYSIS**

I.

{¶21} In his first assignment of error, appellant argues the trial court erred in terminating the shared parenting plan and granting sole custody to Mother. We disagree.

{¶22} A trial court enjoys broad discretion in custody proceedings. *Cossin v. Holley,* 5th Dist. Morrow No.2006 CA 0014, 2007–Ohio–5258, ¶ 28 citing *Davis v. Flickinger,* 77 Ohio St.3d 415, 674 N.E.2d 1159 (1997), paragraph one of the syllabus.

A trial court's decision to terminate a shared parenting plan is reviewed under an abuse of discretion standard. *In re J.L.R.,* 4th Dist. Washington No. 08CA17, 2009–Ohio–5812, ¶ 30. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Furthermore, a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.,* 54 Ohio St.2d 279, 280-281, 376 N.E.2d 578 (1978). A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson,* 66 Ohio St.3d 610, 615, 1993–Ohio–9, 614 N.E.2d 742. "The reason for this standard of review is that the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* supra, 77 Ohio St.3d at 418. "[D]eferential review in a child custody determination is especially crucial 'where there may be much evident in the parties' demeanor and attitude that does not translate to the record well.' " *Haines v. Haines*, 5th Dist. Morrow No. 15CA0003, 2015-Ohio-4299, ¶ 27, citing *Wright v. Wright,* 5th Dist. Stark No.2012CA00232, 2013–Ohio–4138, ¶ 20.

{¶23} A trial court is required to evaluate a number of factors in modifying or terminating a shared parenting plan. R.C. 3109.04(E)(1)(a), (E)(2)(b), (E)(2)(c), and (E)(2)(d) state in pertinent part:

(E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

* * * *.

(2) In addition to a modification authorized under division (E)(1) of this section:

\* \* \* \*.

(b) The court may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree upon its own motion at any time if the court determines that the modifications are in the best interest of the children or upon the request of one or both of the parents under the decree. Modifications under this division may be made at any time. The court shall not make any modification to the plan under this division, unless the modification is in the best interest of the children.

(c) The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(i) of this section upon the request of one or both of the parents or whenever it determines that shared parenting is not in the best interest of the children. The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(ii) or (iii) of this section if it determines, upon its own motion or upon the request of one or both parents, that shared parenting is not in the best interest of the children. If modification of the terms of the plan for shared parenting approved by the court and incorporated by it into the final shared parenting decree is attempted under division (E)(2)(a) of this section and the court rejects the modifications, it may terminate the

final shared parenting decree if it determines that shared parenting is not in the best interest of the children.

(d) Upon the termination of a prior final shared parenting decree under division (E)(2)(c) of this section, the court shall proceed and issue a modified decree for the allocation of parental rights and responsibilities for the care of the children under the standards applicable under divisions (A), (B), and (C) of this section as if no decree for shared parenting had been granted and as if no request for shared parenting ever had been made.

{¶24} Further, R.C. 3109.04(F) states:

(F)(1) In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:

(a) The wishes of the child's parents regarding the child's care;

(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;

(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;

(d) The child's adjustment to the child's home, school, and community;

(e) The mental and physical health of all persons involved in the situation;

(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;

(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;

(h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code

or a sexually oriented offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;

(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.

(2) In determining whether shared parenting is in the best interest of the children, the court shall consider all relevant factors, including, but not limited to, the factors enumerated in division (F)(1) of this section, the factors enumerated in section 3119.23 of the Revised Code, and all of the following factors:

(a) The ability of the parents to cooperate and make decisions jointly, with respect to the children;

(b) The ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent;

(c) Any history of, or potential for, child abuse, spouse abuse, other domestic violence, or parental kidnapping by either parent;

(d) The geographic proximity of the parents to each other, as the proximity relates to the practical considerations of shared parenting;

(e) The recommendation of the guardian ad litem of the child, if the child has a guardian ad litem.

(3) When allocating parental rights and responsibilities for the care of children, the court shall not give preference to a parent because of that parent's financial status or condition.

{¶25} The instant case involves termination of a shared parenting plan. In *Fisher v. Hasenjager,* 116 Ohio St.3d 53, 2007–Ohio–5589, syllabus, the Supreme Court of Ohio reviewed the termination of a shared parenting plan and held: "A modification of the designation of residential parent and legal custodian of a child requires a determination that a 'change in circumstances' has occurred, as well as a finding that the modification is in the best interest of the child." *Haines v. Haines*, supra, 2015-Ohio-4299 at ¶ 20.

{¶26} Termination of a shared parenting plan is thus a highly fact-driven, subjective decision. Our standard of review is abuse of discretion and deferential to the trial court. "Presumptions of validity and deference to a trial court as an independent

fact-finder are embodied in the abuse of discretion standard." *Howard v. Wilson*, 186 Ohio App.3d 521, 2010-Ohio-1125, 928 N.E.2d 1180, ¶ 8 (2nd Dist.), citing *Dayton v. Whiting*, 110 Ohio App.3d 115, 118, 673 N.E.2d 671 (2nd Dist.1996).

{¶27} In the instant case, the trial court's decision is premised upon the magistrate's decision of April 21, 2014, the amended magistrate's decision of April 22, 2014, and the trial court's ruling upon Father's objections as journalized on March 26, 2015. Each of these decisions arose from the evidentiary hearings which took place on November 9, 2012; January 27-28, 2014; and February 21, 2014. During these hearings, both parties submitted a significant number of exhibits including at least two reports of the guardian ad litem. Of these hearings, only the November 9, 2012 hearing has been transcribed for our review, and that hearing pre-dates significant events in the case history.

{¶28} It is with regret in a case such as this, with so much at stake not only for the parties but especially for D., that we must affirm the trial court's decision on a basis other than upon the merits. In light of the evidence, the trial court agreed with the magistrate that a change in circumstances has occurred with respect to D. because the parties "are unable to communicate reasonably effectively and have become unable to effectively make joint parenting decisions regarding D.;" further, termination of the shared parenting plan was in D.'s best interest. Father challenges these findings but the record on appeal is incomplete; specifically, Father has failed to include the records of the relevant hearings (with the exception of November 9, 2012), as required by App.R.

9.[2] As appellant, Father bears the burden of ensuring that the record necessary to determine the appeal is filed with the appellate court. App.R. 9(B). See *State v. Williams*, 73 Ohio St.3d 153, 160, 652 N.E.2d 721 (1995). If the record is incomplete, the reviewing court must presume the regularity of the trial court's proceedings and affirm its decision. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). See, also, *Wozniak v. Wozniak*, 90 Ohio App.3d 400, 409, 629 N.E.2d 500 (9th Dist.1993) (declaring where portions of record are omitted, which are necessary for effective review, the appellate court must affirm).

{¶29} The trial court explicitly based its findings, in part, on testimony and evidence admitted at the hearings and, in the absence of the complete record, we must presume that the evidence, combined with the record on appeal, supports the finding that termination of the shared parenting plan is in the best interest of D.  *Jagusch v. Jagusch*, 9th Dist. Medina No. 02CA0036-M, 2003-Ohio-243, ¶ 35, citing *Knapp,* supra, 61 Ohio St.2d at 199; *Wozniak,* supra, 90 Ohio App.3d at 409.

{¶30} Appellant's first assignment of error is overruled.

II.

{¶31} In his second assignment of error, Father argues the trial court should have granted his motion for new trial.  We disagree.

---

[2]     Father has been pro se throughout much of this case (although he is represented in this appeal).   We note the United States Supreme Court has recognized a constitutional right to appointment of counsel or to a transcript at the State's expense only in appeals from orders permanently terminating parental rights. See *M.L.B. v. S.L.J.* (1996), 519 U .S. 102. Appellant appeals from an ordering modifying custody and terminating a shared parenting plan. As this case does not concern the permanent termination of Appellant's parental rights, he does not have a constitutional right to transcripts at the State's expense. *Murray v. Murray*, 9th Dist. Lorain No. 06CA008982, 2007-Ohio-3301 at ¶ 6, citing *Knapp,* supra, 61 Ohio St.2d at 199.

{¶32} Civ.R. 59(A)(8) permits a new trial on the ground of newly discovered evidence where such evidence is material for the party applying, and where it could not with reasonable diligence have been discovered and produced at trial. Id. The standard to be applied in determining whether to grant a new trial based on newly discovered evidence is set forth in the third paragraph of the syllabus in *Sheen v. Kubiac*, 131 Ohio St. 52, 1 N.E.2d 943 (1936), which provides:

> To warrant the granting of a motion for a new trial based on the ground of newly discovered evidence, it must be shown that (1) the new evidence must be such as will probably change the result if a new trial is granted, (2) it must have been discovered since the trial, (3) it must be such as could not in the exercise of due diligence have been discovered before the trial, (4) it must be material to the issues, (5) it must not be merely cumulative to former evidence, and (6) it must not merely impeach or contradict the former evidence.

{¶33} The decision whether to grant or deny a motion for new trial is committed to the sound discretion of the trial court. *State v. Matthews*, 81 Ohio St.3d 375, 378, 691 N.E.2d 1041 (1998), citing *State v. Schiebel*, 55 Ohio St.3d 71, 564 N.E.2d 54 (1990), paragraph one of the syllabus; *Taylor v. Ross*, 150 Ohio St. 448, 83 N.E.2d 222 (1948), at paragraph two of the syllabus. We will not reverse a trial court's denial of a motion for new trial absent an abuse of that discretion. *Sharp v. Norfolk & W. Ry. Co*, 72 Ohio St.3d 307, 313, 649 N.E.2d 1219 (1995). An abuse of discretion implies that a court's

ruling is unreasonable, arbitrary, or unconscionable; it is more than a mere error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶34} "In general, newly discovered evidence has been interpreted to mean facts in existence at the time of trial of which the aggrieved party was excusably ignorant." *In Re S.S.,* 9th Dist. Wayne No. 04CA0032, 2004–Ohio–5371, at ¶ 13, citing *Schwenk v. Schwenk*, 2 Ohio App.3d 250, 253, 441 N.E.2d 631 (8th Dist.1982).

{¶35} In the instant case, Father's newly discovered evidence consists of allegations a private investigation firm hired by Mother resulted in his criminal charges and was hired with the "primary objective" of having Father criminally charged. Father asserts the charges came about as a result of the private investigation rather than through an investigation conducted by any law enforcement agency.  It is not clear, and Father does not point out, how this information changes his criminal culpability; he remains convicted of the offenses he was charged with. Assuming arguendo the criminal investigation was somehow instigated by Mother, Father was nevertheless convicted and this information would not likely change the result of the custody determination.

{¶36} Because Father's newly discovered evidence would not have changed the result of the custody hearing, we find that the trial court did not abuse its discretion in denying his motion for a new trial.

{¶37} Father's second assignment of error is overruled.

## CONCLUSION

{¶38} Father's two assignments of error are overruled and the judgment of the

Licking County Court of Common Pleas, Domestic Relations Division is affirmed.

By: Delaney, J. and

Farmer, P.J.

Wise, J., concur.