[Cite as *Jagodzinski v. Abdul-Khaliq*, 2018-Ohio-1898.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ANDREA JAGODZINSKI | JUDGES:<br>Hon. John W. Wise, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. Earle E. Wise, Jr., J. |
| Plaintiff-Appellee | |
| -vs- | |
| | Case No. 17-CA-22 |
| OMRAN ABDUL-KHALIQ | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Licking County Court of Common Pleas, Domestic Relations Division, Case No. 11-DR-01162 RPW |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | May 9, 2018 |
| APPEARANCES: | |

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| PHILIP L. PROCTOR<br>P.O. Box 4803<br>Newark, Ohio 43058 | OMRAN ABDUL-KHALIQ, PRO SE<br>924 Glenmore Avenue<br>Newark, Ohio 43055 |

*Hoffman, J.*

**{¶1}** Defendant-appellant Omran Abdul–Khaliq ("Father") appeals the September 30, 2016 Opinion and Judgment Entry and the February 23, 2017 Opinion and Judgment Entry entered by the Licking County Court of Common Pleas, Domestic Relations Division, which overruled his objections to the Magistrate's June 13, 2016, and July 27, 2016 Decisions, recommending Father's parenting time be suspended and plaintiff-appellee Andrea Jagodzinski ("Mother") be permitted to relocate to the state of Florida with the parties' minor child, and approved and adopted said decisions as orders of the court.

## FACTS AND PROCEDURAL HISTORY

**{¶2}** Mother and Father are the biological parents of one child. The parties were never married. Mother filed a complaint to establish paternity on June 6, 2006, in Franklin County. The parties executed a shared parenting plan in June, 2009. On May 31, 2011, Mother filed a motion for emergency custody order and a motion to reallocate parental rights and responsibilities. The case was transferred to the Licking County Court of Common Pleas, Domestic Relations Division, on July 13, 2011. The parties subsequently reached a settlement agreement, which the trial court modified by Agreed Judgment Entry filed February 10, 2012. The parties essentially agreed to return to the terms of the 2009 shared parenting plan with some modifications.

**{¶3}** Between June, 2012, and December, 2013, both parties filed numerous contempt motions, ex parte motions for custody, and a petition for civil protection order, which was ultimately denied. Over the course of four days between November, 2013, and February, 2014, the magistrate conducted a final hearing on the parties' motions.

The magistrate filed his decision on April 21, 2014, recommending the shared parenting agreement be terminated, and Mother be granted sole custody of the child. Father filed objections to the decision on May 5, 2014.

{¶4} Subsequently, Father was indicted on one count of intimidation, in violation of R.C. 2921.03, a felony of the third degree; one count of trademark counterfeiting, in violation of R.C. 2913.34, a misdemeanor of the first degree; and one count of impersonating a peace officer, in violation of R.C. 2921.51, a misdemeanor of the fourth degree. As a result, Mother filed an ex parte motion for emergency custody of the minor child. The magistrate granted Mother's motion, designating her as the temporary legal custodian of the child, and suspending Father's parenting time.

{¶5} On March 26, 2015, the trial court overruled Father's objections to the magistrate's April 21, 2014 decision, and approved and adopted said decision as order of the court. Via Judgment Entry filed April 24, 2015, the trial court terminated the shared parenting plan, and granted sole custody of the child to Mother. Father filed a motion for new trial, which the trial court denied. Father appealed the April 24, 2015 Judgment Entry, and this Court affirmed. *Jagodzinski v. Abdul-Khaliq*, 5th Dist. Licking App. No. 15-CA-31, 2015-Ohio-5510.

{¶6} On May 14, 2015, Father was convicted in Licking County Court of Common Pleas Case No.2014 CR 00305, of one count each of intimidation, trademark counterfeiting, and impersonating a peace officer, and sentenced to a period of incarceration of 18 months.

{¶7} Via Judgment Entry filed February 12, 2016, the trial court reactivated the case which had been stayed pending the appeal, and scheduled the matter for final

hearing on April 18, 2016. Father requested a continuance of the hearing due to his incarceration, which the trial court denied. Mother filed a Notice of Intent to Relocate on April 18, 2016, and a motion to suspend Father's parenting time on April 19, 2016. Father filed an objection to Mother's intent to relocate, and requested the trial court enter an order restraining Mother from removing the child from the area, pending "all final outcome of [Father's] criminal appeal." The magistrate scheduled an oral hearing on Father's objection for July 18, 2016. The magistrate further ordered Mother be restrained from permanently removing the child from Licking County, Ohio, pending the outcome of the hearing.

{¶8} The magistrate filed a decision on June 13, 2016, recommending Father's parenting time be suspended. The magistrate found:

> [Father] has been and is presently incarcerated in the Ohio penal system after having been convicted of a felony offense of intimidation. The Magistrate is not persuaded or convinced that the parties' son's best interest will be served by mandating [Mother] to transport the child to prison to visit with [Father] in accordance with Local R. 19.0, which is the current parenting time order, or pursuant to another arrangement at this time.

> The Court retains jurisdiction over the parenting time issue. Once he is released from prison, [Father] may file a motion requesting that his parenting time be reinstated. Magistrate's June 13, 2016 Decision at 2.

**{¶9}** On June 27, 2016, Father filed objections to the magistrate's decision as well as a motion to continue the July 18, 2016 hearing. Father requested the continuance due to his incarceration, his expected mid-July release date, and his attorney's lack of contact with him. Via Magistrate's Order filed July 6, 2016, the magistrate, having "reviewed [Father's] motion as well as the Court's docket of this matter", overruled Father's request for a continuance.

**{¶10}** The magistrate filed a decision on July 27, 2016, recommending Mother and the child be permitted to relocate to Florida. The magistrate found Mother had received "an advantageous employment offer" in Florida, and she and the child would be able to reside with Mother's mother until she was in a position to move to a home of her own. The magistrate further found Mother's mother had "an excellent, loving relationship" with the child. The magistrate added:

> [Mother's] testimony further establishes that [she] has bona fide concerns for her personal safety in relation to [Father] once he is released from prison, as she believes he blames her for his current incarceration. The Magistrate finds that [Mother's] concerns are reasonable in light of the evidence admitted into the record during the post-decree litigation that took place in this matter during 2011 through the present. Further, the evidence presented concerning [Father's] 2015 felony conviction for intimidating a police officer and veiled threats contained in his sentencing statement before the General Division in August of 2015 does not diminish [Mother's] concerns. Magistrate's July 27, 2016 Decision at 3-4.

{¶11} Via Opinion and Judgment Entry filed September 30, 2016, the trial court overruled Father's objections to the magistrate's June 13, 2016 decision, and approved and adopted said decision as order of the court. Via Opinion and Judgment Entry filed February 23, 2017, the trial court overruled Father's objections to the magistrate's July 27, 2016 decision, and approved and adopted said decision as order of the court.

{¶12} It is from these judgment entries Father appeals, assigning as error:

I. THE TRIAL COURT ABUSED ITS DISCRETION, PREJUDICED THE APPELLANT AND VIOLATED HIS DUE PROCESS RIGHTS WHEN IT DENIED THE APPELLANT'S MOTION TO CONTINUE THE APRIL 18, 2016 CONTEMPT HEARING AND THE JULY 18, 2016 RELOCATION HEARING.

II.THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF THE APPELLANT WHEN IT DENIED DEFENDANT'S MOTIONS TO CONTINUE AFTER HIS ATTORNEY OF RECORD FAILED TO SHOW FOR TWO SCHEDULED COURT HEARINGS OR FILE A MOTION TO WITHDRAW AS ATTORNEY OF RECORD.

III.THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION WHEN IT GRANTED PLAINTIFF'S MOTION TO SUSPEND DEFENDANT'S PARENTING TIME WITHOUT AN ORAL HEARING, REFUSAL TO SCHEDULE AN IN-CHAMBER INTERVIEW OF THE MINOR CHILD, GRANTED PLAINTIFF'S

REQUEST TO SEAL ADDRESS AND GRANTED APPELLEE'S REQUEST

TO RELOCATE THE MINOR CHILD.

I.

**{¶13}** In his first assignment of error, Father contends the trial court abused its discretion and violated his due process rights when it denied his motions to continue the April 18, 2016, and July 18, 2016 hearings.  We disagree.

**{¶14}** The decision to grant or deny a motion to continue is entrusted to the broad discretion of the trial court. *Hartt v. Munobe,* 67 Ohio St.3d 3, 9, 615 N.E.2d 617 (1993). Ordinarily, a reviewing court analyzes a denial of a continuance in terms of whether the court has abused its discretion. *Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964); *State v. Wheat,* 5th Dist. Licking App. No.2003–CA–00057, 2004–Ohio–2088. An abuse of discretion connotes more than a mere error in law or judgment; it implies an arbitrary, unreasonable, or unconscionable attitude on the part of the trial court. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶15}** In evaluating whether the trial court has abused its discretion in denying a continuance, appellate courts apply a balancing test which takes into account a variety of competing considerations, including the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; and whether the defendant contributed to the circumstance which gives rise to the request for a continuance. *State v. Unger,* 67 Ohio St.2d 65, 67–68, 423 N.E.2d 1078 (1981).

**{¶16}** We note Father failed to object to the magistrate's denial of his motion to continue the April 18, 2016 hearing in his objections to the magistrate's decision.

**{¶17}** Civ.R. 53(D)(3)(b)(iv) provides: "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

**{¶18}** Because Father failed to object to the magistrate's denial of his motion to continue the April 18, 2016 hearing, we find his argument relative to that issue is waived.

**{¶19}** In ruling on Father's objection asserting the magistrate abused his discretion in failing to grant a continuance of the July 18, 2016 hearing, the trial court found:

[Father] was incarcerated at the time of the filing of [Mother's] Notice of Intent to Relocate on April 18, 2016 as well as at the time of the hearing. On May 10, 2016 [Father] filed an objection to the Notice of Intent to Relocate, which was set for an oral hearing on July 18, 2016. On June 27, 2016 [Father] filed a motion to continue that hearing indicating that he was still incarcerated but anticipated being released in mid-July 2016 but had no specific information as to a date. The Magistrate denied [Father's] motion to continue by order dated July 6, 2016.

* * *

If the Magistrate had granted the continuance it could have resulted in complications for school purposes for the minor child. As schools have now begun moving classes earlier into the month of August, the need to have some finality as to the relocation issue was important. At the end of the day and after having considered the information before the Magistrate, the Court's denial of the Motion to Continue was not an abuse of discretion. February 23, 2017 Opinion at 1-2.

{¶20} Upon review of the record, we find the trial court did not abuse its discretion in denying Father's request for a continuance. Father contributed to the circumstances giving rise to his need for the continuance. The trial court recognized Mother and the child's need for finality in the matter.

{¶21} Father's first assignment of error is overruled.

II

{¶22} In his second assignment of error, Father asserts the trial court abused its discretion in denying his motions to continue after his attorney of record failed to appear at two scheduled hearings and failed to file a motion to withdraw.

{¶23} Our standard of review of a trial court's denial of a motion to continue is set forth, supra.

{¶24} The trial court addressed Father's objection to the magistrate's denial of his request for a continuance in its February 23, 2017 Opinion, finding:

The Magistrate, after receiving [Father's] objection [to Mother's Notice of Intent to Relocate] set the matter for an oral hearing approximately two (2) months into the future. This delayed hearing date should have given both parties time to secure counsel if either wanted to. Certainly, [Father] was aware that his former attorney had not appeared at the April hearing and should have been on notice at that point to secure new counsel. February 23, 2017 Opinion at 2.

**{¶25}** As an incarcerated prisoner, Father had no absolute due process right to attend a civil trial to which he was a party. *Mancino v. Lakewood* (1987), 36 Ohio App.3d 219, 221, 523 N.E.2d 332. Further, there is no constitutional right to counsel in a domestic relations matter. *Alexander v. Alexander,* 5th Dist. No. CT06–0061, 2007–Ohio–3933, at ¶ 31.

**{¶26}** Accordingly, we find the trial court did not abuse its discretion in denying Father's request for a continuance due to his counsel's failure to appear or withdraw.

**{¶27}** Father's second assignment of error is overruled.

III

**{¶28}** In his final assignment of error, Father maintains the trial court erred and abused its discretion in granting Mother's motion to suspend his parenting time without an oral hearing; refusing to conduct an in-camera interview of the child; granting Mother's request to seal her address; and permitting Mother to relocate the child to the state of Florida.

**{¶29}** The first subsection of Father's third assignment of error challenges the trial court's suspension of his parenting time without conducting an oral hearing. Mother filed an ex parte motion for emergency suspension of parenting time on May 20, 2015, after Father was indicted one count each of intimidation, trademark counterfeiting, and impersonating a peace officer. Father filed a reply on June 3, 2015.

**{¶30}** In his June 13, 2016 decision, the magistrate stated:

The Magistrate has reviewed and given due consideration to [Mother's] motion and supporting affidavit as well as the parties' written arguments in light of the relevant statutory best interest factors found in Revised Code Section 3109.051(D). Having done so, he determines that it is appropriate for an order to be entered GRANTING [Mother's] motion and suspending [Father's] parenting time rights.

In so providing, the Magistrate finds that [Father] has been and is presently incarcerated in the Ohio penal system after having been convicted of a felony offense of intimidation. The Magistrate is not persuaded or convinced that the parties' son's best interest will be served by mandating [Mother] to transport the child to prison to visit with [Father] in accordance with Local Rule 19.0, which is the current parenting order, or pursuant to another arrangement at this time. *Id.* at 1-2.

**{¶31}** The trial court overruled Father's objection to the magistrate's decision relative to this issue, explaining:

The Magistrate's Decision indicates that he considered the factors set out in ORC 3109.051(D) and found that it would not be in the child's best interest for [Mother] to transport the child to prison to visit with [Father] pursuant to the Local Rule 19 schedule which was in effect at that time. The Magistrate went on to inform the parties that the matter of parenting time was still within the Court's jurisdiction and that [Father] could revisit the issue by filing a motion once he is released from incarceration. September 30, 2016 Opinion at 2.

{¶32} Upon consideration of Father's arguments, we find the trial court did not err or abuse its discretion in suspending his parenting time without conducting an oral hearing. This portion of Father's third assignment of error is overruled.

{¶33} In the second subsection of this assignment of error, Father submits the trial court erred and abused its discretion in failing to conduct an in-camera interview of the child. Father requested an in-camera interview with the child following the magistrate's issuing his July 27, 2016 decision.

{¶34} In making a determination of the allocation of parental rights and responsibilities, a trial court "in its discretion, may and, ***upon the request of either party, shall*** interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation." R.C. 3109.04(B)(1). (Emphasis added.)

{¶35} The instant action does not involve the allocation of parental rights and responsibilities, rather it involves a visitation rights where one parent has been designated

the residential parent and legal custodian. As such, this case is not governed by R.C. 3109.04, but instead is governed by R.C. 3109.051. *Braatz v. Braatz*, 85 Ohio St.3d 40, 706 N.E.2d 1218 (1999), paragraph one of the syllabus.

**{¶36}** Relative to in-camera interviews, R.C. 3109.051(C) provides:

In considering the factors listed in division (D) of this section for purposes of determining whether to grant parenting time or visitation rights, establishing a specific parenting time or visitation schedule, determining other parenting time matters under this section or section 3109.12 of the Revised Code or visitation matters under this section or under section 3109.11 or 3109.12 of the Revised Code, and resolving any issues related to the making of any determination with respect to parenting time or visitation rights or the establishment of any specific parenting time or visitation schedule, the court, in its discretion, ***may*** interview in chambers any or all involved children regarding their wishes and concerns. (Emphasis added.)

**{¶37}** Unlike R.C. 3109.04(B)(1), R.C. 3109.051(C) does not require the court to conduct an in-camera interview where one is requested. Instead, it leaves the decision to the court's discretion. *See Holz v. Holz*, 11th Dist. Ashtabula No. 2001–A–0003, 2001-Ohio-8822, *11,  ("The trial court had the discretion to decide whether to interview the minor children, but was not required to under the mandates of [R.C. 3109.051(C) ].").

**{¶38}** Upon review of the record, we find the trial court did not err or abuse its discretion in failing to conduct an in-camera interview of the parties' minor child as the matter involved visitation rights. This portion of Father's third assignment of error is overruled.

**{¶39}** In the third subsection of this assignment of error, Father contends the trial court erred and abused its discretion in granting Mother's request to seal her address.

**{¶40}** Pursuant to R.C. 3127.23(D), "[i]f a party alleges in an affidavit * * * that the health, safety, or liberty of a party or child would be jeopardized by the disclosure of identifying information, the information shall be sealed and may not be disclosed to the other party or the public unless the court orders the disclosure to be made after a hearing in which the court * * * determines that the disclosure is in the interests of justice."

**{¶41}** In his July 27, 2016 decision, the Magistrate found:

[Mother's] testimony further establishes that [Mother] has bona fide concerns for her personal safety in relation to [Father] once he is released from prison, as she believe he blames her for his current incarceration. The Magistrate finds that [Mother's] concerns are reasonable in light of the evidence admitted into the record during the post-decree litigation that took place in this matter during 2011 through the present. Further, the evidence presented concerning [Father's] 2015 felony conviction for intimidating a police officer and veiled threats contained in his sentencing statement before the General Division in August of 2015 does not diminish [Mother's] concerns. *Id.* at 3-4.

{¶42} We find Mother set forth reasons her safety as well as the safety of the child would be jeopardized by the disclosure of her new address to Father. Accordingly, we find the trial court did not abuse its discretion in ordering the sealing of her address.

{¶43} This subsection of Father's third assignment of error is overruled.

{¶44} In the fourth subsection of this assignment of error, Father asserts the trial court erred and abused its discretion in permitting Mother to relocate.

{¶45} R.C. 3109.051(G)(1), which governs the procedure for relocation, provides:

If the residential parent intends to move to a residence other than the residence specified in the parenting time order or decree of the court, the parent shall file a notice of intent to relocate with the court that issued the order or decree. Except as provided in divisions (G)(2), (3), and (4) of this section [which are not applicable here], the court shall send a copy of the notice to the parent who is not the residential parent. Upon receipt of the notice, the court, on its own motion or the motion of the parent who is not the residential parent, may schedule a hearing with notice to both parents to determine whether it is in the best interest of the child to revise the parenting time schedule for the child.

{¶46} The burden rests with the party seeking to relocate to establish that relocation and a change of school districts is in the best interest of the children. *Salisbury v. Salisbury,* 11th Dist. Portage Nos.2005–P–0010 and 2005–P–0084, 2006–Ohio–3543,

¶ 101. The trial court is permitted to look at the best interest factors set forth in R.C. 3109.04(F)(1) when the terms of the court order do not provide a standard for the trial court to employ in making its determination. *Zimmer v. Zimmer,* 10th Dist. Franklin No. 00AP–383, 2001-Ohio-4226, *4.

{¶47} In his July 27, 2016 decision, the magistrate determined:

[A]n order is to be entered granting [Mother] permission to relocate the parties' minor child to her new residence stated in her notice of intent to relocate * * *

[Mother] presented testimony establishing that the child's best interest is to be served by permitting her to relocate herself and the parties' son, who is eleven years old, to her new residence in the State of Florida. There are several bases for this finding.

The evidence establishes that [Mother], who is a nurse, has received an advantageous employment offer in the State of Florida near her mother's residence. She desires to move to Florida where she and the parties' child are to reside with her mother for a time until she is in a position to move out on her own. [Mother] intends to pursue a bachelor's and a master's degrees in nursing in Florida. [Mother] has made reasonable inquiry into the local schools available for the child to attend in Florida.

The evidence further establishes that [Mother's] mother has an excellent, loving relationship with the parties' child, flying to visit them in Ohio several times a year and FaceTiming with the child every couple of

weeks. She will be available to help with the child during times that [Mother] is at work or in school. The evidence further shows that while the child is concerned about leaving his friends in Heath, he is excited about the prospect of living in Florida. [Mother] has no unusual concerns about the impact of a move on the child and believes he will adjust reasonably well. *Id.* at 2-3.

**{¶48}** In its February 23, 2017 Opinion, overruling Father's objection to the magistrate's recommending Mother be permitted to relocate, the trial court found:

[Mother] testified that she had secured employment in Florida as a nurse; that her mother resided in Florida and would be in a position to assist with the parties' son; and that the maternal grandmother had a close relationship with the parties' son. *Id.* at 2.

**{¶49}** Having reviewed the record, we find the trial court did not abuse its discretion in granting Mother's request to relocate the child. The trial court considered the best interests of the children in making this determination.

**{¶50}** This subsection of Father's third assignment of error is overruled.

**{¶51}** Based upon the foregoing, Father's third assignment of error is overruled in its totality.

**{¶52}** The judgment of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed.


By: Hoffman, J.

Wise, John, P.J.  and

Wise, Earle, J. concur