[Cite as *Patel v. Patel*, 2019-Ohio-3672.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| DIANE BURCHETT PATEL | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| SUNIR SUDHANSHU PATEL | : | Case No. 18 CAF 10 0078 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:            Appeal from the Court of Common
                                    Pleas Domestic Relations Division,
                                    Case No. 13DRA030132


JUDGMENT:                           Reversed and Remanded


DATE OF JUDGMENT:                   September 11, 2019


APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

ROBERT M. OWENS                         ANTHONY W. GRECO
40 S. Franklin Street                   JOSEPH S. JEZIOROWSKI
Suite 202                               6810 Caine Road
Delaware, OH 43015                      Columbus, OH 43235

*Wise, Earle, J.*

{¶ 1}   Plaintiff-Appellant Diane Buchett Patel appeals the September 19, 2018 Judgment Entry of the Delaware County Court of Common Pleas, Domestic Relations Division which dismissed Defendant-Appellee Sunir S. Patel's Motion for Contempt Against the Plaintiff, and ordered appellant to have no contact with the parties' minor child, L.P.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   The parties herein divorced on September 29, 2014, and have been in near constant litigation ever since. The present matter stems from appellee's March 7, 2018 Emergency Ex Parte Motion to Modify Parenting Time. Appellee is the custodial parent of L.P., the parties' sixteen-year-old child. The motion requested that the trial court reduce or suspend appellant's parenting time with L.P. due to appellant's interference with L.P.'s therapy sessions, monopolization of the sessions, and verbal abuse of L.P. both during and outside of therapy sessions. The motion included a sworn affidavit from L.P's therapist which indicated her progress with L.P was being hindered by appellant's behavior during therapy sessions. The motion further included text messages from L.P. to appellee indicating L.P. no longer desired to see appellant "a lot anymore" due to appellant's behavior toward L.P.

{¶ 3}   Appellant filed a Memorandum Contra Defendant's Motion for Emergency Orders. Appellant attached an affidavit which did not dispute the therapist's factual allegations, but rather argued the allegations did not constitute an "emergency" based on the timing. She alleged she had not had contact with L.P's therapist since January 2018.

{¶ 4} On March 7, 2018, the trial court suspended appellant's parenting time with L.P. "pending further order of the court." The court indicated it would consider modifying the order upon the guardian ad litem's recommendation at or before the next hearing scheduled for April 11, 2018.

{¶ 5} On April 11, 2018, the parties and the guardian ad litem appeared for a hearing and advised the trial court that a settlement was "imminent." There is no transcript of this hearing. Upon request of the parties to finalize their settlement, a second hearing was scheduled for June 27, 2018. The trial court issued a judgment entry indicating it had already ruled on issues properly before it, including suspending appellant's parenting time, but was considering vacating that order if no agreed judgment entry was submitted by the parties.

{¶ 6} On June 29, 2018, the trial court issued a judgment entry indicating the parties had met and failed to reach a settlement after two hours of negotiations. The court further again indicated it had already ruled on matters properly submitted, including the motion to suspend appellant's parenting time, and again noted it was considering vacating or extending the order if no judgment entry was submitted by the parties.

{¶ 7} On July 9, 2018, the parties filed a joint motion to extend time to file the judgment entry. On July 20, 2018, the trial court took the same under advisement and continued the prior orders.

{¶ 8} On August 17, 2018, appellee filed a motion for contempt which centered on appellant's failure to see to certain aspects of L.P's health insurance coverage. As of that date, the parties still had not submitted a judgment entry on the visitation issue. On September 19, 2018, following a hearing which did not address the visitation issue, the

trial court issued a judgment entry dismissing the contempt action and stating its final orders shall be as previously ordered, including that appellant have no contact with L.P.

{¶ 9}   It is from this judgment entry that appellant appeals raising two assignments of error:

I

{¶ 10} "THE TRIAL COURT ABUSED ITS DISCRETION AND PREJUDICED THE SUBSTANTIAL RIGHTS OF THE APPELLANT BY ORDERING APPELLANT TO HAVE NO CONTACT WITH HER MINOR CHILD."

II

{¶ 11} "THE COURT COMMITTED PREJUDICIAL AND PLAIN ERROR AND VIOLATED APPELLANT'S RIGHTS UNDER THE DUE PROCESS CLAUSE AND EQUAL PROTECTION CLAUSE OF THE UNITED STATES AND OHIO CONSTITUTIONS BY ORDERING HER TO HAVE NO CONTACT WITH HER MINOR CHILD."

PRELIMINARY MATTERS

{¶ 12} First, we note this case is before this court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶ 13} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated.

*Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶ 14} This appeal shall be considered in accordance with the aforementioned rules.

{¶ 15} Second, appellee urges us to dismiss this appeal as untimely, arguing the matter was ripe for appeal as of the trial court's March 7, 2018 judgment entry granting appellee's ex parte emergency motion to suspend appellant's parenting time. We disagree. The March 7, 2018 judgment entry indicated the trial court would revisit the issue at or before the April 11, 2018 hearing or upon recommendation of the guardian ad litem. Then, between April and the end of June, 2018, negotiations took place between the parties on two occasions, but no agreed upon judgment entry was ever submitted to the trial court as requested. It was not until the September 19, 2018 judgment entry that the trial court indicated "the final order shall be as previously ordered. Plaintiff shall have no contact with [L.P]."

{¶ 16} We therefore find appellant has timely appealed the matter.

I

{¶ 17} In her first assignment of error, appellant agues the trial court's decision to terminate her visitation rights and extinguish her parental rights constitutes an abuse of discretion. We disagree.

{¶ 18} A trial court enjoys broad discretion in deciding matters regarding the visitation of non-residential parents. *Matter of X.G.*, 5th Dist. Tuscarawas No. 2018 AP 04 0015, 2018-Ohio-4890, 2018 WL 6435764, ¶¶ 26-28 citing *Appleby v. Appleby*, 24 Ohio St.3d 39, 492 N.E.2d 831 (1986). The standard of review concerning visitation rights is

whether the trial court committed an abuse of discretion. *Booth v. Booth*, 44 Ohio St.3d 142, 541 N.E.2d 1028 (1989). An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 19} Appellant makes several arguments under this assignment of error. She argues the trial court abused its discretion by suspending her parenting time with L.P without first conducting a hearing and interviewing L.P as to his wishes, by demonstrating bias, and by failing to issue findings of fact and conclusions of law.

{¶ 20} We first note that throughout her first assignment of error, appellant essentially argues the trial court's ruling terminated her parental rights. This is not accurate. Rather, the trial court suspended her visitation. According to the September 19, 2018 judgment entry, she is not foreclosed from making future efforts to reinstate visitation with L.P. Rather, she may seek reinstatement of visitation upon joint motion of herself, appellee and the guardian ad litem. We therefore reject those portions of appellant's arguments which allege a permanent revocation of her parental rights.

{¶ 21} Next, the instant matter involves visitation rights where one parent has been designated the residential parent and legal custodian rather than the allocation of parental rights and responsibilities. Therefore, R.C. 3109.051 is the applicable statute. *Braatz v. Braatz*, 85 Ohio St.3d 40, 706 N.E.2d 1218 (1999), paragraph one of the syllabus. R.C. 3109.051(C) provides that in resolving any issues related to parenting time, " * * * the court, in its discretion, **may** interview in chambers any or all involved children regarding their wishes and concerns." (Emphasis added). Thus unlike R.C. 3109.04(B)(1), cited by

appellant, R.C. 3109.051(C) does not require the trial court to conduct an in-camera interview and we find no abuse of discretion in the trial court's failure to do so.

{¶ 22} Appellant further faults the trial court for failing to conduct a hearing. However, the record reflects the matter was scheduled for hearing twice; on April 11, 2018 and June 27, 2018. There are no transcripts of these hearings in the record. The trial court's judgment entries, however, indicate that during the April hearing the parties advised a settlement was "imminent" yet failed to submit a proposed judgment entry as requested by the trial court. The parties then again met on June 27 for two hours without settling the matter. On July 9, 2018, however, the parties filed a joint motion to extend time to file an agreed upon judgment entry. When a judgment entry still had not been filed in September 2018, the trial court finalized its decision to suspend appellant's visitation with L.P.

{¶ 23} Additionally, we have previously found a trial court does not abuse its discretion by granting a motion to suspend visitation based on due consideration of the parties motions, responses, and accompanying affidavits, and without conducting an oral hearing in *Jagodzinski v. Abdul-Khaliq*, 5th Dist. Licking No. 17-CA-22, 2018-Ohio-1898 ¶ 29-32. Like *Jagodzinski*, the trial court here indicated it had considered defendant-appellee's motions, "supported by affidavit and argument," as well as "the responsive pleading also supported by affidavits filed on behalf of Plaintiff [-appellant]* * * ." We therefore find no abuse of discretion in the trial court's failure to hold a hearing before issuing a final ruling.

{¶ 24} Appellant also argues the trial court's failure to issue findings of fact and conclusions of law constitutes an abuse of discretion. Appellant, however, failed to

request findings of fact and conclusions of law as required by R.C. 3109.051(F)(1): "If the court, pursuant to division (A) of this section, denies parenting time to a parent who is not the residential parent or denies a motion for reasonable companionship or visitation rights filed under division (B) of this section and the parent or movant files a written request for findings of fact and conclusions of law, the court shall state in writing its findings of fact and conclusions of law in accordance with Civil Rule 52." We therefore reject her argument.

{¶ 25} Finally, appellant alleges the trial court exhibited hostility toward her during the September 14, 2018 contempt hearing by threatening to incarcerate her if she refused to sign a form authorizing her health insurance company to share L.P's information with appellee. Appellant fails to explain how the court's comment on the insurance matter makes its decision to suspend appellant's visitation with L.P an abuse of discretion, and we reject her argument alleging the same.

{¶ 26} The first assignment of error is overruled.

II

{¶ 27} In her second assignment of error, appellant argues the trial court committed plain error by granting appellee's motion to modify parenting time and issuing a "permanent no contact order" in violation of due process rights. We disagree.

{¶ 28} There is no indication in the record that appellant raised any due process objections related to the suspension of her parenting time with L.P. during either the April or June hearings. An error not raised in the trial court must be plain error for an appellate court to reverse. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978) at paragraph one of the syllabus; Crim.R. 52(B). In order to prevail under a plain error analysis,

appellant bears the burden of demonstrating that the outcome of the proceeding clearly would have been different but for the error. *Id.* at paragraph two of the syllabus. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at paragraph three of the syllabus.

{¶ 29} Although appellant sets forth the fact that parents have a fundamental liberty interest in the custody, care and management of their children, she fails to point to any procedural irregularity that might give rise to a due process violation, and we find none evidenced in the record. She argues instead that until L.P affirmatively and independently decides to decline visitation, her relationship with L.B "should not be totally severed." As we have concluded above, however, appellant's parenting time was suspended, not "forever terminated" as appellant argues. The September 19, 2019 judgment entry indicated the trial court would revisit appellant's parenting time with L.P upon motion of the parties and the guardian ad litem.

{¶ 30} We find no plain error occurred as there was no violation of appellee's constitutional right to due process.

{¶ 31} The second assignment of error is overruled.

{¶ 32} The judgment of the Delaware County Court of Common Pleas Domestic Relations Division is affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

Wise, John, J. concur.

EEW/rw